[Sac. No. 358.   Department One.—November 18, 1898.]

MARY E. HENDERSON, Respondent, v. WILSON HART, Appellant.

TROVER—REPLEVIN—CHANGE OF ACTION—AMENDMENT OF COMPLAINT AT TRIAL.—It is not an abuse of discretion to permit an amendment of a complaint in an action of replevin to be made upon the trial after the close of the evidence, so as to transform the action into one of trover to recover damages for conversion of the property, where it appears from the evidence that the defendant, who, as a constable, had seized the property under execution against plaintiff's grantor, had sold it before the commencement of the action, and it does not appear that plaintiff knew of such sale when the action was brought.

ID.—MOTION TO SET CAUSE AFTER AMENDMENT.—A motion of the defendant to set down the cause for trial on the issues raised upon such amended complaint, which "was heard on the papers and the evidence in the case," without any showing that any further evidence existed than that which had already been produced, which was relevant to the case as it stood on the amended complaint, was properly denied.

ID.—PERSONAL PROPERTY SEIZED UNDER EXECUTION—VERIFIED CLAIM OF TITLE—PURCHASE FROM TWO PERSONS NAMED.—A verified written claim of title served by the claimant of personal property (which was all of the same kind) levied upon by an officer under execution, pursuant to sections 549 and 689 of the Code of Civil Procedure, which states that affiant acquired title to the property from two persons named, sufficiently apprises the officer of the source of the claimant's title, whether the property was wholly acquired from such persons jointly, or in part from each of them severally.

ID.—ANIMALS HELD BY EXECUTION DEBTOR AS AGISTER—ACTUAL AND CONTINUED CHANGE OF POSSESSION.—Where there was such an immediate delivery and actual and continuous change of possession of animals sold as to sustain a finding of a transfer of title to the property to the vendee as against the creditors of the vendor, the fact that they were afterward delivered to him as an agister for hire will not defeat the vendee's title.

ID.—EVIDENCE—DECLARATIONS OF VENDOR AFTER DELIVERY.—The declarations of the vendor made after the sale and delivery of the animals, and while they were not in his possession, and not uttered in the presence of the vendee, are inadmissible against the vendee.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial.  E. A. Bridgford, Judge.

The facts are stated in the opinion.

Johnson & Chase, for Appellant.

A. M. M'Coy, and H. P. Andrews, for Respondent.

BRITT, C.—1. In its original form, this was an action in the nature of replevin to recover possession of one hundred and forty-six head of swine alleged to be the property of plaintiff and wrongfully taken and withheld by defendant.  In his answer defendant justified the taking in his capacity of township constable under a writ of attachment issued in a certain suit against one W. M. Ham; he alleged that the hogs were the property of said Ham, and also that before the commencement of this action he had sold them under execution to satisfy the judgment obtained in said suit against Ham, and delivered possession thereof to the purchaser.  At the trial, the defendant's averments concerning the sale of the animals under process, and that he had not possession thereof at the commencement of this action, were established by proof.  After the evidence was closed, but before the final submission of the case, by leave of the court granted over defendant's objection, plaintiff amended her complaint so as to transform the action virtually into one of trover, charging defendant with converting the property, and claiming damages accordingly.  On defendant's request, it was ordered that the answer to the original stand as the answer to the amended complaint, and defendant then moved the court to set down the cause for trial on the issues thus raised; the record shows that this motion "was heard on the papers and evidence in the case," and was denied.

It was not an abuse of discretion in the court to allow plaintiff to amend her pleading so that it might support a recovery for the

conversion of the property when it was shown that she could not have judgment for its possession because defendant had disposed of the same before the action was begun. (*Riciotto v. Clement*, 94 Cal. 105.) If it appeared that plaintiff knew, when she brought her action, that defendant no longer had possession of the property, the conclusion might be different; but it was not shown that she had such knowledge. Nor did defendant, in support of his motion to reopen the case, show or even claim that any evidence existed, in addition to that already before the court, which was relevant to the case as it stood on the amended complaint. On the contrary, he submitted his motion on the papers filed and evidence previously taken; the court could not assume that additional evidence was at his command; its denial of the motion was therefore not improper.

2. While the hogs were yet held by defendant, plaintiff served on him a verified written claim thereto, pursuant to sections 549 and 689 of the Code of Civil Procedure, in which "the grounds of her title" were stated as follows: "Affiant acquired title to said property by purchase of certain hogs on or about April 1, 1895, from E. W. Saunders and W. M. Ham, and the said hogs levied upon are the same so purchased and the increase of the same." At the trial it appeared that she had bought some of the animals from Saunders and others from Ham; and it is objected that the statement in said verified claim is defective and false in that it indicates a purchase from those persons jointly. We consider that the statement sufficiently apprised the officer of the source of plaintiff's title, whether she had acquired all the hogs from Saunders and Ham jointly, or some from each of them severally. (*Dubois v. Spinks*, 114 Cal. 289; *Vermont Marble Co. v. Brow*, 109 Cal. 241; 50 Am. St. Rep. 37.)

3. It is urged that the sale of hogs by Ham to plaintiff was not accompanied by immediate and continued change of possession. It seems unnecessary to detail the evidence on this point. The animals were in Ham's custody when attached; but he had them, together with hogs of other persons, as an agister for hire, not on the premises where they ranged before plaintiff bought them, but on lands he rented for the temporary purpose; and there was evidence of such previous delivery and continuous change of possession as, in our opinion, sustains the finding in plaintiff's fa-

vor. (See *Levy v. Scott,* 115 Cal. 48, and cases cited.) Defendant sought to prove a declaration of said Ham, made some months after the purchase of the hogs by plaintiff, to the effect, as defendant understands it, that he (Ham) was yet the owner of them; but the statement was not uttered in the presence of plaintiff, nor when the hogs were in Ham's possession, and was rightly excluded from the evidence. (*Cahoon v. Marshall,* 25 Cal. 198, 202.) The judgment and order appealed from should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.