[Sac. No. 4321. In Bank.—November 18, 1930.]

C. G. MARTIN, Respondent, v. A. DELLA, Appellant.

Waldo E. Burford and Farnsworth, Burke & Maddox for Appellant.

U. U. Blalock for Respondent.

THE COURT.—Defendant prosecutes this appeal from a judgment foreclosing a mechanic's lien, upon the ground that there is a fatal variance between the claim of lien and the proof. The verified claim, duly filed with the recorder of Tulare County, is attached to and made a part of the complaint. It states, in part, that the plaintiff had agreed to erect two barns for the defendant, "the material to be furnished by the owner, for the agreed construction price of two hundred ($200.00) dollars each, or the total sum of four hundred ($400.00) dollars, such cement work as was necessary for the construction of the foundations of said barns to be done by the contractor to be paid for as extra work; . . . that the amount of the contract price for the construction of said buildings and the concrete necessary for the foundations thereof is the sum of four hundred ninety-two ($492.00) dollars. . . . " Plaintiff's evidence satisfactorily establishes that he orally agreed with the defendant to construct the barns for $400, and was to receive, in addition thereto, $8 a day for himself and $3.50 a day for a helper while engaged in laying the cement foundations, and that the cement work consumed about nine days, totaling $92 for himself and such help. The trial court found in accordance with this evidence.

We fail to perceive any variance between the claim of lien and the proof. The allegation of paragraph four of the complaint is to the effect that plaintiff undertook to construct the barns for the "agreed sum of four hundred ninety-two ($492.00) dollars", and this allegation must be

read with the notice or claim of lien, as the latter is distinctly made a part of the complaint. (*Olson-Mahoney etc. Co.* v. *Dunne Inv. Co.*, 30 Cal. App. 332, 342 [159 Pac. 178].) ■ Even if it be assumed that the allegation of paragraph four is inconsistent with the notice of lien, which, as stated, is made a part of the complaint, the point should have been raised by demurrer. In 17 Cal. Jur. 193, section 137, it is stated that ''If the allegations of a complaint are ambiguous or uncertain, as where a complaint is inconsistent with a claim of lien annexed to and made a part thereof, objection must be taken by special demurrer.'' No demurrer was interposed in this case. However, we are not prepared to say that this allegation is at variance with the proof. There is evidence tending to show that defendant agreed to pay $400 for the construction of the buildings, and a specified per diem charge for the cement work. The work being done, it is not a distortion of the facts to say that plaintiff undertook the job for an ''agreed'' sum equal in amount to the sum due for the construction work plus the charge for the completed cement work.

■ Moreover, it is an established rule of practice that if a party desires to raise a question as to any variance between allegations in a pleading and the proof offered at the trial, such objection must be presented in the trial court, otherwise it is waived. (*California Portland Cement Co.* v. *Wentworth Hotel*, 16 Cal. App. 692, 700 [118 Pac. 103, 113].) Defendant herein raises the point for the first time on appeal. The only issue presented to the trial court had to do with the construction price of the barns, defendant contending that plaintiff had agreed to complete the entire job for $200. The court below, upon competent evidence, found against defendant and in favor of the plaintiff on this issue.

The judgment is affirmed.