[Civ. No. 1491. Fourth Appellate District.—February 6, 1934.]

EFFIE M. CRAWFORD, Respondent, v. RAY LAMBERT et al., Appellants.

Rutan & Mize for Appellants.

Harvey & Harvey for Respondent.

MARKS, J.—In 1898 Will C. Crawford, husband of plaintiff, acquired title to five acres of land in Orange County. He died in 1912 and the property was distributed to his wife in the probate of his estate. C. B. Lewis was the owner of the property adjoining the Crawford land on the north. The title to the Lewis land passed through mesne conveyances to the defendants in 1931.

From 1898 to 1931, the owners of the two adjoining properties used a way between the two tracts. This way was three hundred and ninety-two feet in length and extended from the center of a public road on the west to a tool-house near the north line of plaintiff's property.

The complaint is in the form usually found in actions to quiet title. It alleged ownership in the plaintiff of a way, six feet in width, over the defendants' land. The findings of fact found a right of way four feet in width over defendants' land appurtenant to plaintiff's property. Judgment was entered following the findings.

The findings were served upon defendants' counsel four days prior to their being signed and filed. The provi-

sions of section 634 of the Code of Civil Procedure, as in effect at the time of the trial, where it was required that findings which the court had ordered prepared, must be served on the adverse counsel five days before being signed by the court, have been held to be directory only. (*Hammond Lumber Co.* v. *Henry*, 87 Cal. App. 231 [261 Pac. 1027].)

The findings of fact followed very generally the allegations of the complaint, except the finding that the easement was appurtenant to plaintiff's property. Defendants maintain that as plaintiff was relying upon adverse possession for her title the court should have found the various facts upon which the title was based. Findings of fact in form similar to those made in the instant case were held sufficient in *Richert* v. *City of San Diego*, 109 Cal. App. 548 [293 Pac. 673].

Defendants maintain that the findings and judgment are not supported by the pleadings in that the pleadings allege an easement in gross, while the findings describe an easement appurtenant to plaintiff's property. Assuming this to be true, it does not constitute reversible error under the record before us. The case was tried upon the theory that the easement was appurtenant to plaintiff's property. The evidence was admitted without objection that there was a variance between it and the allegations of the complaint.

An objection that there was a variance between the allegations of the pleadings and the proof offered at the trial must be presented to the trial court or it is waived. (*Martin* v. *Della*, 211 Cal. 74 [293 Pac. 25].) Where a case is tried without objection as to the sufficiency of the pleadings, and where the findings are justified by the evidence, we cannot, on appeal, consider an objection that the findings are not within the issues made by the pleadings. (*Spellacy* v. *Dauterman*, 122 Cal. App. 416 [10 Pac. (2d) 114].) "Variance between the allegations in a pleading and the proof is not to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. . . . Where a variance is not material, and does not actually mislead the adverse party to his prejudice, the court may find the facts according to the evidence, or may order an immediate

amendment without costs.'' (*Murnane* v. *Le Mesnager*, 207. Cal. 485 [279 Pac. 800, 804].)

 Defendants contend that the evidence was insufficient to support the findings and judgment, urging that the use of the way was under permission and not under claim of right.

Both Mr. Lewis and Mr. Crawford were dead at the time of the trial. Plaintiff was the only witness who had knowledge of the circumstances surrounding the commencement of the use of the way. She testified that as far as she knew there was no agreement between Mr. Lewis and Mr. Crawford concerning the use of the way; that the two might have discussed the matter, but that she did not know what was said; that Mr. Lewis used the way over the two parcels of property without objection from her husband or herself, and that she and her husband enjoyed a like use of the way over the Lewis property without any objection from him; that the way was used continuously whenever needed by either of the joint owners with no interruption in its use until after title to the Lewis property was acquired by defendants in 1931. It is also in evidence that the way was graded and coated with gravel on several occasions and at one time was oiled by one of plaintiff's employees.

The use of the way under a claim of right, while necessarily hostile, need not amount to an ouster or the exclusion of the owner of the servient tenement from its use. (*Humphreys* v. *Blasingame,* 104 Cal. 40 [37 Pac. 804]; *Silva* v. *Hawn,* 10 Cal. App. 544 [102 Pac. 952]; *Bashore* v. *Mooney,* 4 Cal. App. 276 [87 Pac. 553].) The question of permissive use of a right of way was before the court in the case of *Alper* v. *Torney,* 7 Cal. App. 8 [93 Pac. 402, 404], where it was said: ''Appellant claims that the evidence shows that the use was only 'permissive' and not 'adverse'. There is some confusion in many of the cases in the use of the term 'permissive', as an adverse possession in a sense must be by permission or acquiescence of the one against whom it is invoked. But imputing to the term the meaning clearly intended of a license exercised in subordination to appellant's claim and ownership, still it is a question of fact to be determined by the trial court, and under the well-established rule its determination against appellant's contention is binding upon us if it finds any substantial basis in the evidence.

"Appellant insists that the burden is upon plaintiffs to prove the easement, citing *American Co.* v. *Bradford,* 27 Cal. 361; *De Frieze* v. *Quint,* 94 Cal. 663 [28 Am. St. Rep. 151, 30 Pac. 1]; *Ball* v. *Kehl,* 95 Cal. 613 [30 Pac. 780]; *San Francisco & S. J. V. Ry. Co.* v. *Leviston,* 134 Cal. 412 [66 Pac. 473].

"But he seems to lose sight of the fact that it is not a question here of who has the burden of proof, or whether the issue has been established by a preponderance of the evidence, but that the only consideration concerning us is whether there is *any* evidence to support the finding of the trial court.

"In reviewing the action of the lower court the following obvious reflections must be taken into account. A grant of an easement will be presumed on proof of use and enjoyment for a time corresponding with the local period of limitation for quieting titles to land. (Am. & Eng. Ency. of Law, *supra.*) This, of course, is equivalent to the presumption that the use was under a claim of right as the grantee holds adversely to the grantor and not in subordination to the latter's title. This presumption is itself evidence which is sufficient to support the finding."

The evidence in this case supports the findings and judgment of the trial court and there being no reversible error, the judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.