[Civ. No. 10007.   First Appellate District, Division Two.—February 21, 1936.]

J. W. HANNEL et al., Respondents, v. B. L. BATES et al., Defendants; KENNETH J. KIRKPATRICK et al., Appellants.

John F. Clark for Appellants.

Harry K. Smith and Jesse R. Shafer for Respondents.

SPENCE, J.—This is an appeal by defendants Kenneth J. Kirkpatrick and Fay R. Kirkpatrick from a decree foreclosing a mortgage executed by defendant Bates, the predecessor in interest of the appealing defendants.

The note and mortgage were dated March 5, 1925, and the note was payable three years after that date. The appealing defendants purchased the mortgaged property in 1926, taking the property subject to the mortgage but not expressly agreeing to pay the same. Said defendants paid the interest thereon up to September 1, 1932. No payments were made upon the principal. This action was filed on December 8, 1933.

In the complaint, it was alleged that on or about August 1, 1931, plaintiffs and the appealing defendants had agreed in writing to an extension of three years and that the written agreement signed by plaintiffs and said defendants was in the possession of said defendants. No demurrer was interposed to the complaint. In their answer said defendants denied these allegations and affirmatively alleged that the action was barred by the provisions of section 337 of the Code of Civil Procedure.

Prior to the trial plaintiffs served notice demanding the production of the alleged written agreement of extension. It was not produced and plaintiffs introduced oral evidence of its contents. This evidence showed that the appealing defendants called on plaintiffs on August 2, 1931, in response to a letter written to them by plaintiff Marie Hannel; that at said time the ·question of extension was discussed 'and a writing was drawn "agreeing to extend the mortgage to Mr. and Mrs. Kirkpatrick" for two years; that said writing was signed by plaintiffs and the appealing defendants and was given to said defendants. It was admitted by said defendants that they discussed the extension with plaintiffs at that

time, but they denied that any writing was executed. Upon this conflicting evidence, the trial court found in favor of the existence of the written agreement of extension and further found that the action was not barred.

Appellants do not question the sufficiency of the evidence to support the findings or the sufficiency of the findings to support a decree of foreclosure. They do make a claim that the complaint was insufficient to state a cause of action against appellants but this claim is devoid of merit.

As we understand appellants' main contention it is that there was a variance between the pleading and proof and that the decree should therefore be reversed. The argument seems to be, first, that a three-year extension was pleaded while a two-year extension was proved and, second, that the pleadings alleged that appellants agreed in writing to pay the note while the evidence showed only a written acknowledgment of the indebtedness by appellants. While there may have been a variance, it appears entirely clear that it was not a material variance. (*Curtis* v. *Holee,* 184 Cal. 726 [195 Pac. 395, 18 A. L. R. 1024].) In *Murnane* v. *LeMesnager,* 207 Cal. 485, it is said at page 495 [279 Pac. 800], "Variance between the allegations in a pleading and the proof is not to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." We find nothing to show that the alleged variance misled appellants to their prejudice in maintaining their defense upon the merits. They concede that "respondents have some equities" and further state that if the pleadings had shown that respondents were not seeking to impose a personal liability upon them, they "might have seen fit not to entail the expense of defending the action". They nevertheless claim that the judgment should be · reversed "even if it be said that the only harm that resulted from the ill-founded allegations was to scare the appellants into court to defend against a lesser, but legitimate cause of action". We believe that these statements of appellants demonstrate that the alleged variance was wholly immaterial and therefore insufficient to warrant a reversal.

Appellants make the further claim that "the judgment is inconsistent with the findings". From the meager argument on this point, the claim appears to be based upon the fact that it was adjudged in the decree that principal and

interest was due and owing from appellants to respondents while there were no findings which would support a deficiency judgment against appellants and the conclusions of law recited that no deficiency judgment could be entered against appellants. Assuming, without deciding, that the form of the decree would have permitted the entry of a deficiency judgment against appellants, even though the decree was silent on that subject, it is nevertheless conceded that the property has been sold pursuant to the decree for an amount sufficient to preclude the entry of any deficiency judgment. We therefore conclude that the alleged inconsistency between the decree and the findings could not in any event result in prejudice to appellants.

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.