[Civ. No. 16754.   Second Dist., Div. Two.   Feb. 9, 1949.]

LESTER GENGER, Respondent, v. JAMES N. ALBERS, Appellant.

N. S. Crowley for Appellant.

Joseph K. Coady for Respondent.

WILSON, J.—Plaintiff filed an action in claim and delivery for the recovery of cattle allegedly in the possession of defendant. At the conclusion of the trial the complaint was amended, with the approval of the court, to conform with the proof and to allege conversion. Plaintiff recovered a judgment in the sum of $3,185.76 and this appeal is from the judgment. There is a purported appeal from the order denying defendant's motion for a new trial.

As grounds for reversal, defendant assigns error as follows: (1) that the court had no jurisdiction to render judgment on a second cause of action contained in an amendment. filed after the close of trial, prior to the service of the amendment on defendant; (2) that the court erred in denying defendant's motion for nonsuit and in granting plaintiff's motion to amend; (3) that the evidence is insufficient to sustain the judgment.

On June 11, 1946, defendant sold 130 head of dairy cows and a bull to one Marvin Fisher. The transaction was financed by a first chattel mortgage to a bank for $15,000, guaranteed by defendant, and a second chattel mortgage in favor of defendant in the sum of $6,800.

On August 14, 1946, plaintiff sold to M. M. Owen and J. H. Flowers, under a conditional sales contract, 26 head of cattle. On September 19, 1946, with the written consent of plaintiff, Owen and Flowers assigned their interests under the contract to Marvin Fisher, at which time the cows were delivered to Fisher. Neither the conditional sales contract nor the assignment was recorded.

In the latter part of September, 1946, defendant called at Fisher's dairy, at which time ·he saw the cattle Fisher was purchasing under the conditional sales contract and Fisher told defendant he was paying for one cow a month.

Fisher became delinquent in his payments on the two chattel mortgages and on March 5, 1947, a representative of the bank called upon Fisher and demanded that he either make suitable adjustment or surrender possession of the dairy herd. Fisher requested three days' extension, stating he would then be able to pay $10,000. He was granted a 10-day extension provided he would go to the escrow department of a local bank and arrange for surrender of the cattle in lieu of foreclosure if the promised payment was not made. Accordingly, on March 5, 1947, Fisher executed escrow instructions and a bill of sale which were deposited in the bank. The payment was not made and the bank delivered the bill of sale to defendant, who thereupon took possession of 130 cows and one bull, subsequently selling the cows.

Fisher also became delinquent on his payments to plaintiff and in February, 1947, plaintiff called defendant on the telephone stating that he understood defendant had some cattle at Fisher's dairy and that he (plaintiff) also had some cattle there; that Fisher was delinquent in his payments. Plaintiff asked defendant what he was going to do about his cattle

and defendant said he would go out and look at the cattle and would advise plaintiff. Two or three days later, defendant telephoned plaintiff and stated that he thought Fisher would "make the grade" and he was going to give him more time. Plaintiff then said if defendant could afford to give Fisher more time he thought he could also. On March 12, 1947, in the absence of Fisher, defendant called at the dairy and took possession of 130 head of cattle and one bull, leaving only two or three head of cattle at the dairy. Fisher returned while the cattle were being loaded and informed defendant that not all the cows he had taken were his. Defendant put part of the cattle in one of his salesyards, the rest of them in another, and subsequently sold them, taking about three months to dispose of them. Plaintiff called on defendant on April 12, 1947, and demanded the return of his cattle. At that time defendant still had most of the cattle he had taken from Fisher's dairy but he did not tell plaintiff that he had part of them in another location. Defendant refused to surrender any of the cattle to plaintiff.

There is no merit to defendant's contention that the court was without jurisdiction to render judgment on a cause of action contained in an amendment filed after the close of trial. A variance to be fatal must have misled or served to mislead the adverse party (*Short* v. *Orland Oil Syndicate, Ltd.*, 29 Cal.App.2d 326, 329 [84 P.2d 324]) and a variance is not material unless it has misled the adverse party to his prejudice. (*Landreth* v. *South Coast Rock Co.*, 136 Cal. App. 457, 463 [29 P.2d 225]; *Crawford* v. *Lambert*, 136 Cal.App. 617, 619 [29 P.2d 428]; *Hannel* v. *Bates*, 12 Cal.App.2d 67, 69 [54 P.2d 1132].) Where the variance is not misleading, the court may find the facts according to the evidence or may order an immediate amendment. (*Reidy* v. *Collins*, 134 Cal.App. 713, 721 [26 P.2d 712]; *Crawford* v. *Lambert, supra.*) Great liberality is allowed with respect to amendments at the trial if the defendant is not prejudiced thereby and the ends of justice will be subserved provided the issues to be decided are not wholly changed. (*Born* v. *Castle*, 22 Cal.App. 282, 286 [134 P. 347].)

Defendant was not misled. Furthermore, the complaint alleged a demand and a refusal, which is a sufficient averment of conversion. (*Faulkner* v. *First National Bank*, 130 Cal. 258, 267 [62 P. 463].) Even though the action is entitled one for claim and delivery, if it appears that the action is really one for the conversion of personal property,

a judgment awarding plaintiff the value of his property will be upheld. (*California Packing Corp.* v. *Stone,* 64 Cal.App. 488, 493 [222 P. 193].) ██ In the instant case the defendant knew the cattle had been sold whereas the plaintiff had no knowledge of that fact before the trial. There is nothing in the record which indicates plaintiff had any knowledge that defendant had disposed of the cattle. Defendant testified that it took two or three months to sell them and that they were all sold after April 12th, the date of plaintiff's demand. Therefore the cases cited by defendant do not support his contention but on the contrary support that of plaintiff. If after filing suit the plaintiff discovers for the first time that the property has been wrongfully disposed of by defendant, an amendment to a complaint in claim and delivery is permitted to show conversion. (*Henderson* v. *Hart,* 122 Cal. 332, 333-4 [54 P. 1110].)

██ Where an amendment is allowed to make the pleadings conform to the proof it is not necessary that such amendment be served. (*Gaddis* v. *Grant,* 39 Cal.App. 437, 440 [179 P. 410]; *Ramboz* v. *Stansbury,* 13 Cal.App. 649, 654 [110 P. 472].) Moreover, the record shows that the motion to amend the complaint to allege conversion was granted upon the stipulation that it would be deemed denied by defendant "without any further pleadings."

██ The court did not err in denying his motion for nonsuit. The court may not grant a motion for nonsuit if there is any substantial evidence before it in support of plaintiff's case. (*Estate of Arnold,* 16 Cal.2d 573, 576-7 [107 P.2d 25].) A motion for nonsuit should be denied when there is any evidence to sustain plaintiff's case, without passing upon the question of its sufficiency. (*Mitchell* v. *Brown,* 18 Cal.App. 117, 121 [122 P. 426]; *Oles* v. *Kahn Bros.,* 81 Cal.App. 76, 81 [253 P. 158]; *Miller* v. *Cookson,* 89 Cal.App. 602, 606 [265 P. 374].) In the instant case there was evidence that defendant had taken property belonging to plaintiff and that he had knowledge of plaintiff's claim not only from plaintiff but from two other persons.

██ Defendant contends that the conditional sales contract never having been recorded is void as against him and that he is a bona fide purchaser and encumbrancer without notice as defined by section 2980 of the Civil Code. That section in effect provides that unless a conditional sales contract is recorded within the time specified it shall be void as against bona fide purchasers, encumbrancers and those having no

actual knowledge of the contract who become creditors of the buyer. Defendant was clearly not a bona fide purchaser. His encumbrance was prior to that of the conditional sales contract and was not against the cattle covered by that contract. Defendant did not become a creditor of Fisher after the execution of the conditional sales contract. ▮ Section 2977 of the Civil Code, relating to livestock acquired subsequent to execution of a mortgage, is not applicable since Fisher did not have title to the cattle he obtained from Owen and Flowers and never acquired title to those cattle. ▮ The bill of sale did not convey to defendant any title to the cattle covered by the conditional sales contract. Fisher not being the owner of the cattle covered by that contract could not pass title to defendant.

▮ Defendant further contends that the description of the cattle in the conditional sales contract is uncertain and therefore the conditional sale is void and parol evidence is not admissible to correct the deficiency. The description of the cattle in the contract reads as follows: ''Twenty-six (26) head of three (3) year old Holdstein Heifers, warranted to be in healthy condition.'' The general rule with respect to the description of property in chattel mortgages is that no particular method of description is necessary, nor is it essential that the description be sufficient to identify the property without the aid of parol evidence. (55 C.J. 1203.) In *Lusitanian-American Development Co.* v. *Seaboard D. C. Corp.*, 1 Cal.2d 121, 130 [34 P.2d 139], it was established by parol evidence that cattle sold at public auction were the same as those covered by a conditional sales contract.

Judgment affirmed. The purported appeal from the order denying the motion for new trial is dismissed.

Moore, P. J., and McComb, J., concurred.