[Civ. No. 18575.   Second Dist., Div. One.   Feb. 11, 1952.]

GEORGE L. STEBINGER, Respondent, v. GRACE P. WARDEN et al., Defendants; CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna, in pro. per., for Appellant.

Moidel, Moidel, Moidel & Smith, and Leonard Smith for Respondent.

WHITE, P. J.—Defendant Catherine A. McKenna has appealed from a judgment adverse to her in an action to quiet title.   In her brief she asserts error by reason of a variance

between pleading and proof. Her further contentions on appeal may be best set forth by the following excerpts from her brief:

"It appears from the findings of the Court, that this defendant is the owner in fee simple of these lots . . . and has been in possession of same and claiming to own them, since the 7th day of August, 1928, adverse to the whole world.

"That the deed to the State in each case was void as to this defendant for the reason, and under the authorities hereinbefore cited.

"That the deed to the City of Gardena, by the Tax Collector was void, and conveyed no title to the City of Gardena.

"That the plaintiff's right of action was barred, by the provisions of the statutes of limitations, pleaded in the defendant's answer. That the deed to plaintiff was executed in 1943, and this defendant has been in possession and holding adverse to him 9 years.

"That plaintiff failed to prove any title in himself, and plaintiff did not consider that he had acquired any title in the lands, by reason of the deed from the City of Gardena.

"That he has never been in possession of the land or claimed or asserted any right of possession. . . .

"That Catherine A. McKenna has established beyond question that she is and has been the owner in fee simple, in possession and entitled to possession of the said lands, herein described, continuously since the 7th day of August, 1928, in her own and sole right."

The findings of the trial court, so far as here pertinent, are that plaintiff's claim of title is based upon a deed, dated September 1, 1932, from the tax collector of Los Angeles County to the State of California, a deed, dated September 29, 1943, from the State of California to the city of Gardena, and a deed, dated November 29, 1943, from the city of Gardena to plaintiff. That defendant's claim is based on a deed from Grace P. Warden to W. P. Nichols dated September 26, 1929, and a deed from W. P. Nichols to Catherine A. McKenna, dated February 5, 1935. The court further found:

"City and County real property taxes for the fiscal year 1926-1927 became delinquent and remained delinquent for 5 years and no redemption or tender of redemption was ever made prior to the bringing of this action. Plaintiff paid all taxes levied against said lots from the fiscal year 1943-1944 to and including 1949-1950, both inclusive. Defendant paid no

taxes levied against said lots for the fiscal year 1926-1927 nor has she paid or attempted to pay the taxes levied against said land for a period of 5 years prior to the commencement of this action or of the filing of defendant McKenna's answer. Defendant McKenna failed to prove that she or her predecessors in interest have occupied said lots for a period of five years continuously prior to the commencement of this action or the filing of defendant McKenna's answer nor have they paid all the taxes, State, County or municipal which have been levied and assessed upon such land.''

The trial court found, as conclusions of law, that ''defendant McKenna is barred from challenging the validity of plaintiff's tax title by the provisions of Section 175, Rev. & Tax. Code. That certain defects asserted by defendant McKenna in the published delinquent tax rolls and lists, recitals in the deeds and the notices required are in fact and in law not defects. That, in any event, any defects alleged by defendant McKenna in the procedural steps leading up to the execution of the tax deeds and the recitals contained therein are cured by the so-called curative acts of 1943 and 1945. That the defendant has failed to establish the necessary elements of adverse possession.''

Appellant has wholly failed to point out in her brief wherein the findings are not supported by substantial evidence, nor has she cited any authority upon which to predicate error in the conclusions of law reached by the trial court. We have nevertheless carefully examined the record on appeal, including the reporter's transcript, and from such examination it appears, (1) that not only was the evidence sufficient to support the findings above quoted, but that contrary findings would have been wholly lacking in evidentiary support; and (2) that the findings made support the conclusions of law and judgment. Appellant has not pointed out any defect in the tax proceedings which are the basis of respondent's title; and while we are not required to search the record for error, we have nevertheless, as above stated, examined the same in its entirety, and find nothing to invalidate respondent's chain of title. (See, in this connection, Rev. & Tax. Code, § 175, *Tannhauser* v. *Adams,* 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015].)

With respect to the alleged variance, it appears from the pleadings that the parties joined issue on the question of title to the property in dispute, although the first amended complaint contained an erroneous reference to the book and page

of the county recorder's miscellaneous records. The property was correctly described in the various deeds put in evidence by the parties. ■ No challenge to the variance was raised in the court below by objection to the findings or on motion for new trial. Such objection must be presented in the trial court or it is waived (*Martin* v. *Della*, 211 Cal. 74 [293 P. 25]). ■ A variance is not fatal unless it has misled the adverse party to his prejudice (*Genger* v. *Albers*, 90 Cal.App.2d 52 [202 P.2d 569]; Code Civ. Proc., § 469). ■ Here the case was fully and fairly tried on the merits as though the variance had not existed, and thus the variance is immaterial (*Chelini* v. *Nieri*, 32 Cal.2d 480 [196 P.2d 915]). As above indicated, there was no doubt or uncertainty in the minds of the parties as to what land was in dispute. Appellant may not now, on appeal, adopt a new theory and urge that the variance was prejudicial (*Grimes* v. *Nicholson*, 71 Cal.App.2d 538, 543 [162 P.2d 934]; *Priebe* v. *Sinclair*, 90 Cal.App.2d 79, 87 [202 P.2d 577]). Our examination of the record discloses no prejudicial error in this or any other respect.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 3, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 3, 1952.