BISHOP, J.
Had the plaintiff demanded findings of fact, it is possible that he would now find himself in a position to contend that the basis for the adverse judgment was the trial court’s conclusion that the plaintiff was properly discharged because of his preparation for his future activities. (We are inclined to the view that the plaintiff had a right to look ahead and take action by way of preparation.) Findings were not requested, however, and assuming, as we should (Estate of Rule (1944), 25 Cal.2d 1, 10 [152 *Supp. 796 P.2d 1003, 155 A.L.R. 1319]), that the trial court reached every conclusion, essential to the judgment, that is supported by the evidence, we find a basis for the judgment other than plaintiff’s preparations to be defendant’s rival.
The plaintiff sought judgment for a month’s wages (etc.) that he had been prevented from earning, although he alleged himself to be ready, willing and able to do so. “The case was tried on the theory,” we read in the settled statement on appeal, “that the pleadings establish a prima facie case entitling plaintiff ... to recover.” The issues to be tried, on this theory, must have been the defenses. We find it alleged in the answer that the contract of employment “provided, among other things, that plaintiff would devote his entire time and energy to the furtherance of the business of defendant ...” Strangely enough, this was not followed by an allegation that the plaintiff had not devoted his entire time and energy to defendant’s business, but evidence .was received, apparently without objection, that for a period of three months prior to his discharge the plaintiff had been absent from his duties on many occasions, the defendant not knowing his whereabouts nor how to get in touch with him. The plaintiff offered (and should have been permitted) to prove that he was never absent because of his preparations to go into his own business, but he neither disproved nor attempted to deny that he had frequently been absent from his duties, nor did he offer any explanation of his absences (and the error noted was not prejudicial). We have here a ground for discharging plaintiff that is both tenable and comes within the reason given him, “that he was engaging in activities which interfered with [his] ability to work and perform his services for [the defendant].” True, this ground is not clearly set forth in defendant’s answer as a reason for his discharge, yet the foundation was laid for it, as we have noted, and it is not a material variance, as defined in section 469, Code of Civil Procedure. (See Genger v. Albers (1949), 90 Cal.App.2d 52, 55 [202 P.2d 569].) Moreover, not having been raised at the trial, any possible claim of variance has been waived. (Colbert v. Colbert (1946), 28 Cal.2d 276, 281 [169 P.2d 633].)
The judgment is affirmed.
Shaw, P. J., concurred.