SECURITY BANK & TRUST CO., a corporation, Appellant (Defendant below),

v.

BLAZE OIL COMPANY, a corporation, Walt Forbes Company, a corporation, Appellees (Defendants below).

No. 3772.

Supreme Court of Wyoming.

Jan. 13, 1970.

H. B. Harden, Jr., Casper, for appellant.

Jerry A. Yaap, Casper, for appellee Blaze Oil Co.

Richard E. Day, Casper, for appellee Walt Forbes Co.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice McINTYRE, delivered the opinion of the court.

A complaint in interpleader was filed in district court by Miller & Miller Auctioneers, Inc. The complaint alleged the auctioneering firm had in its hands $3,378.-25; and that each of the defendants named in the suit was making claim to those funds. The defendants so named were Security Bank & Trust Co.; Blaze Oil Company; and Walt Forbes Company.

On trial of the case, the district court found in favor of Blaze Oil Company and Walt Forbes Company and entered judgment for them. Security Bank has appealed from such judgment.

There appears to be no substantial dispute in the facts. Insofar as pertinent to our decision, it can be said R. J. Costello was in the general trucking business. He borrowed $150,000 from Security Bank, and the loan was guaranteed by the Small Business Administration. The loan was secured by two security agreements both of which were properly filed in the office of the county clerk of Natrona County, Wyoming.

The loan to Costello became delinquent over a period of about six months. At the demand of the bank and the Small Business Administration, Costello marshaled his assets, many of which were then outside of Natrona County. Such assets were brought together and sold at auction at Costello's place of business in Casper. Miller & Miller served as auctioneers at the sale.

According to the bank's testimony, which was not disputed by appellees, Costello and Security Bank and the Small Business Administration orally agreed Costello's business assets would be sold and the proceeds assigned to the bank to reduce its loan. In addition, Costello prior to the sale executed a peaceful possession agreement which also assigned the proceeds of the contemplated sale to the bank.

Apparently plaintiff recognized Security Bank's first mortgage lien on funds derived from the sale of items which were undisputably described in the bank's recorded security agreements. Such funds were paid over to the bank, leaving a balance owing from Costello to the bank of $23,620.04.

Concerning funds derived from the sale of items which Blaze Oil Company and Walt Forbes Company, as attaching creditors of Costello, claims were not described in the bank's security agreements, such funds ($3,378.25) were paid into court by plaintiff with its interpleader.

The security agreements held by the bank covered certain items of personal property which were specifically and fully described in such manner that no dispute has arisen with respect to them. In addition, the security agreements covered by general reference "All machinery and equipment now owned and hereafter acquired." Also, there was the following description of covered property:

"Together with all equipment, parts, accessories, attachments, additions, and accessions, and all replacements thereof, now or hereafter installed in, affixed to, or used in connection with said property."

Counsel for Blaze Oil Company has characterized the items in dispute as: "Nuts, bolts, gas tanks, radios, office equipment, and things like this." Apparently his reference to "radios" was to communication radios in trucks. Counsel for Walt Forbes Company characterized the items in dispute as: "office furniture, typewriters, adding machines, cash registers, this type of thing."

The judgment of the district court appears to be in favor of Blaze and Forbes because, in the court's opinion, the security agreements of Security Bank did not reasonably describe the items in issue sold by the auctioneers.

*Principal Issue.* Appellant seeks reversal of the judgment in favor of Blaze and Forbes on the ground that its security agreements did reasonably describe the items in dispute and that the finding of the

trial court to the contrary was erroneous. Counsel for appellees agree the primary issue and focal point of this appeal is whether the description of the collateral as set forth in the security agreements and financing statements was sufficient to reasonably identify the property questioned.

We are inclined to disagree with the position taken by the trial court and to believe the security agreements and financing statements here involved did reasonably describe the items in dispute.

To begin with, it is clear from the record that all items sold were business assets and business equipment. Costello was in the trucking business and apparently in such business in a rather substantial way, as evidenced by his loan of $150,000. None of the items sold were personal effects such as home furnishings or household goods or jewelry and the like.

Counsel on both sides of the controversy join in recognizing that the basic test of whether a description is sufficient to perfect a security interest is that stated in § 34–9–110, W.S.1957, 1969 Cum.Supp., in these words:

> "For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

Also, briefs on both sides of the controversy refer to In re Platt, D.C.Pa., 257 F.Supp. 478, 481, wherein collateral was described as "Inventory and Accounts Receivable," and the court said:

> "In conclusion, the financing statement was sufficient notice of the interest of the Bank and a subsequent creditor would have a duty to make further inquiry of the secured party to determine its exact interest."

Again, both sides cite In re Drane, D.C. Ky., 202 F.Supp. 221, 224, where the court held an adequate description need not describe the property with utmost particularity, but it is sufficient if the facts shown would enable a third party, "assisted by external evidence," to identify it. Guided by this rule, the court said, a third party would have had little difficulty in identifying the property there in dispute. To the same effect is Genger v. Albers, 90 Cal.App.2d 52, 202 P.2d 569, 572.

In United States v. Antenna Systems, Inc., D.C.N.H., 251 F.Supp. 1013, 1015, where a security agreement described "all furniture, fixtures, and equipment now owned and hereafter acquired by the borrower," the court ruled that the loan agreement reasonably identified the collateral in question since there was a security interest in all furniture, fixtures and equipment of Antenna.

In the case before us, it is just as reasonable to follow the express language of Security Bank's mortgage and say the bank had a security interest in "All machinery and equipment" of Costello, regardless of whether such machinery and equipment was owned by him when he gave the bank's lien or was acquired by him thereafter.

Of all the cases cited by either side in the appeal before us, the one which presented a question most like the one we have to deal with is National Cash Register Company v. Firestone & Co., 346 Mass. 255, 191 N.E.2d 471, 473. The property mortgaged in that case was the business located at a certain address, together with all its goodwill, fixtures, equipment and merchandise. The fixtures were said to consist of certain enumerated items, after which the security agreement stated, together with all property and articles now, and which may hereafter be, used or mixed with, added or attached to, and/or substituted for any of the foregoing described property.

The court, in the *National Cash Register* case, held the security agreement broad enough to include a cash register which was in dispute. In doing so, it relied on that language which described all property and articles now, and which may hereafter be used with or added to any of the foregoing described property. The court inferred that the cash register was *used with* some of the other equipment.

In the case we are dealing with, the mortgage included all machinery and equipment now owned and hereafter acquired, "Together with all equipment, parts, accessories, attachments, additions, and accessions, and all replacements thereof, now or hereafter installed in, affixed to, or used in connection with said property."

We are particularly impressed with the inclusion of all equipment "used in connection with said property." We hardly see how it can be claimed that any of the items in dispute were not equipment used in connection with the trucks and machinery specifically described; or if not used in connection with articles particularly described, such items were surely a part of Costello's trucking business and *used in connection with* some of the property described as "All machinery and equipment now owned and hereafter acquired."

In Schieche v. Pasco, 88 Idaho 36, 395 P.2d 671, 674, a description in a chattel mortgage specifying coverage on the business, fixtures, goodwill, inventory and lease on the Flame Bar was considered sufficient as to third party purchasers to give constructive notice that a filed mortgage embraced the state retail liquor license.

There was received in evidence, without any objection and without any attempt to contradict the correctness thereof, a number of sales sheets. These sheets show the items sold at the auction, what each item was, and the amount received for each item. We have carefully examined this list of items and find in it no property which should be considered outside of the description contained in the bank's security agreements.

Appellant has argued that even if the items in dispute were not covered by its lien, Miller & Miller was a bailee of all property sold, for Security Bank, with knowledge of the bank's interest; and that by reason of this, Blaze and Forbes, as attaching creditors of Costello, acquired no interest in proceeds from property sold when they attempted to garnishee funds in the hands of Miller & Miller. In view of our holding that the items in dispute were included in Security Bank's recorded lien, we need not consider whether appellant is correct in its contention relative to Miller & Miller having been a bailee.

In the light of what we have said, it follows that the judgment of the district court must be reversed and the case remanded with instructions to enter judgment for Security Bank & Trust Company.

Reversed and remanded accordingly.