498 P.2d 967 (1972)
MOUNTAIN CREDIT, a Partnership, Plaintiff-Appellee,
v.
MICHIANA LUMBER & SUPPLY, INC., a Michigan corporation and Colorado Lumber Products, Division of Michiana Lumber & Supply, Inc., Defendants-Appellants.
No. 71-415.
Colorado Court of Appeals, Div. II.
June 20, 1972.
*968 Kreidler, Durham & Rosentrater, Montrose, for plaintiff-appellee.
John A. Hughes, Montrose, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Mountain Credit, brought this replevin suit, on a stipulated set of facts, to obtain possession of a diesel engine logloader. The trial court found that plaintiff was entitled to possession. We affirm.
Plaintiff's claim is founded upon two security agreements executed in its favor by Glenn D. Brittain and Betty Brittain, who were engaged in the business of harvesting timber under the name of Loggers, Inc. Plaintiff's security interest is represented by two financing statements which were filed in the office of the secretary of state. These statements, although they did not specifically describe the log-loader in question, did explicitly cover "logging equipment and equipment used in logging operations."
Defendants also claim a right to the log-loader, based upon a security agreement executed in their favor by Glenn Brittain. Their financing statement was filed prior to the filing of plaintiff's statements and specifically described the logloader involved. However, this financing statement was filed with the County Clerk and Recorder of Montrose County rather than with the Secretary of State of the State of Colorado.
Glenn Brittain, individually, and Loggers, Inc., defaulted on the obligations covered by all three security agreements. As a result, defendants took possession of the loader and plaintiff thereafter initiated this action.
The principal question raised is: Which party perfected its lien by proper filing so as to give it priority under C.R.S.1963, XXX-X-XXX(5) (b)?
If all three security interests were perfected, then that section provides that, where there are conflicting interests in the same collateral, priority is determined by the order of filing. For security interests of this type to be perfected, however, a financing statement must be properly filed. See C.R.S.1963, XXX-X-XXX. Here, defendants' financing statement was improperly filed with the county clerk and recorder; *969 thus, plaintiff's interest has priority. See C.R.S.1963, XXX-X-XXX(5)(b).
The proper place for filing a financing statement is provided by C.R.S.1963, XXX-X-XXX, which states, in pertinent part:
"(1) The proper place to file in order to perfect a security interest is as follows:
"(a) When the collateral is equipment used in farming operations, or farm products, or accounts, contract rights, or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the county clerk and recorder in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the county clerk and recorder in the county where the goods are kept, and in addition when the collateral is crops, in the office of the county clerk and recorder in the county where the land on which the crops are growing or to be grown is located.
. . . . . .
"(c) In all other cases, in the office of the secretary of state."
Defendants argue that timber is an issue of the soil and should be considered a farm product. As such, defendants would have us hold that the logging of timber is a farming operation and a log-loader used exclusively for harvesting timber is "equipment used in farming operations," making filing with the county clerk and recorder the proper procedure. Farming in the traditional sense, however, pertains to preparation of soil, planting of seeds, caring for crops, and harvesting the yield at the end of the process. One can be a farmer of trees if they are grown from seed and cared for in a nursery setting, but the commercial logging of trees by a firm such as Loggers, Inc., is not farming. It is an industrial operation. See C.R.S.1963, XXX-X-XXX(3) and its official comment.
Furthermore, Colorado, in adopting the Uniform Commercial Code, elected the option of a state-wide filing system, except in a few areas where it was thought that local filing would be more likely to give notice to interested creditors. See C.R.S.1963, XXX-X-XXX (official comment). Since neither the statute nor the official comment make reference to logging, we do not think it proper to incorporate that enterprise into the definition of farming. Accord, Belgrade State Bank v. Elder, Mont., 482 P.2d 135.
As a second issue, defendants claim that the use by plaintiff of the words "logging equipment and machinery used in logging operations" on one financing statement and the use of the words "new and used equipment for logging and general construction" on the other statement did not sufficiently describe the property so as to create a valid lien on the log-loader in question.
C.R.S.1963, XXX-X-XXX(1) provides:
"(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. . . ."
In the official comment on this section, it is stated:
"Section 9-110 provides that `any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described'".
The philosophy set forth in the official comment above has been generally followed throughout the country in cases dealing with the above quoted section. Collateral need not be described with utmost particularity. Rather, the general rule is that the filing need only put other creditors on notice of a possible security interest in the collateral in question. It is sufficient if the facts of a case show that a third party, assisted by external evidence could identify the object as being covered by the agreement. In re Colorado Mercantile Co., D.C., 299 F.Supp. 55; In re Platt, *970 D.C., 257 F.Supp. 478; Genger v. Albers, 90 Cal.App.2d 52, 202 P.2d 569; Security Bank & Trust Co. v. Blaze Oil Co., 463 P.2d 495 (Wyo.); and American National Bank & Trust Co. v. National Cash Register Co., 473 P.2d 234 (Okl.).
The trial court found, and we agree, that the descriptions used by plaintiff were adequate to place defendants and any third parties on notice that the logloader was covered by these agreements.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.