PLATTE VALLEY BANK OF BRIGHTON, a Colorado Banking Corporation, Plaintiff-Appellant,

v.

B & J CONSTRUCTION, INC., a Colorado Corporation; Ft. Lupton Modular Builders, Inc., a Colorado Corporation; Ft. Lupton State Bank, a Colorado Banking Corporation; Robert E. Knight; and Terry L. Eisenman, Defendants-Appellees.

No. 79CA0465.

Colorado Court of Appeals, Div. II.

Jan. 17, 1980.

Dawson, Nagel, Sherman & Howard, John W. Low, Stuart H. Pack, Denver, for plaintiff-appellant.

Houtchens, Houtchens & Daniel, Thomas A. Houtchens, Rodger I. Houtchens, Greeley, for defendant-appellee Ft. Lupton State Bank.

RULAND, Judge.

Plaintiff, Platte Valley Bank, appeals from the judgment of the district court determining that Ft. Lupton State Bank has a security interest in two mobile homes. We reverse and remand for further proceedings.

The relevant facts are not in dispute. Defendant Ft. Lupton Modular Builders, Inc., manufactured mobile homes and defendant B & J Construction, Inc., was incorporated to sell those homes to consumers. Two individuals who were the officers of both of these corporations defrauded both banks by purporting to grant each a superior security interest in two mobile homes as security for loans. The fraud was accomplished by assigning one set of identifica-

tion numbers to the mobile homes at the time of manufacture for the purpose of securing loans from Ft. Lupton. The numbers were then changed at the time the units were purportedly transferred to B & J so that additional loans could be secured from Platte Valley.

■  The first issue on appeal is whether the description of collateral in the prior financing statement granted to Ft. Lupton was sufficient under the Uniform Commercial Code. That description was: "Floor plans of Modular Homes being constructed by Ft. Lupton Builders, 1500 Factory Circle, Ft. Lupton, Colorado 80621."

Section 4-9-402(1), C.R.S.1973 (1978 Cum.Supp.), provides that the description may include, *inter alia*, the "type" of collateral. The legal test for determining the sufficiency of that description is set forth in *Mountain Credit v. Michiana Lumber & Supply, Inc.*, 31 Colo.App. 112, 498 P.2d 967 (1972), as follows:

> "Collateral need not be described with utmost particularity. Rather, the general rule is that the filing need only put other *creditors on notice of a possible security interest in the collateral* in question. It is sufficient if the facts of a case show that a third party, assisted by external evidence, could identify the object as being covered by the agreement." (emphasis supplied)

Applying that test here, we agree with the trial court that the description was sufficient. Use of the words "floor plans" without other descriptive phrases is not sufficiently specific to describe mobile homes as collateral. However, here, use of those words in the context of the balance of the description was sufficient to put Platte Valley on notice that Ft. Lupton held a "possible security interest" in a type of collateral, namely, mobile home units being constructed by Ft. Lupton Builders. Platte Valley, by inquiry, could have then determined that the units were covered by the financing statement. *See* § 4-9-208, C.R.S.1973.

■  Relying upon § 4-9-306, C.R.S. 1973, Platte Valley also contends that the

Ft. Lupton security interest could not have continued in the modular units after they were sold by Ft. Lupton Modular Builders to B & J, and that Ft. Lupton's security interest, if any, was limited to the proceeds of that sale. Platte Valley's contention would be correct if Ft. Lupton impliedly authorized sale or other disposition of the collateral. The implied authorization, if any, must be determined based upon the circumstances of the parties, the nature of the collateral, the course of dealing of the parties, and the usage of trade. *See* § 4–9–306(2), C.R.S.1973 (Official Comment 3). However, the findings of fact by the trial court do not address this issue and resolution thereof requires such findings. Hence, the case must be remanded to the trial court. *See Stone v. Chapels for Medi-*

*tation, Inc.,* 33 Colo.App. 346, 519 P.2d 1233 (1974).

We have considered Platte Valley's other contentions and conclude that they lack merit.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

PIERCE and BERMAN, JJ., concur.