[L. A. No. 3877. Department One.—November 1, 1917.]

## THOMAS ALLAN, Trustee, Respondent, v. GUARANTY OIL COMPANY (a Corporation), Appellant.

PLEADING—LEASE—BREACH OF COVENANT—GENERAL DEMURRER—NON-PERFORMANCE BY PLAINTIFF — PREVENTION OF PERFORMANCE INFERRED.—In an action to recover moneys paid for the execution of a lease of certain oil lands, upon the ground, alleged in the complaint, that the defendant was neither the owner nor entitled to possession of the leased premises and had not delivered possession, the objection that the complaint failed to allege performance of conditions of the lease on the part of plaintiff could not be urged by general demurrer, as the ultimate fact of prevention by the

defendant of performance can be inferred from the allegation of his failure to deliver possession.

ID.—QUIET ENJOYMENT—BREACH OF COVENANT BY LESSOR—FAILURE TO DEMAND POSSESSION.—Conceding that such an 'action was in its nature an action for breach of an implied covenant for quiet enjoyment, an allegation of demand for possession was unnecessary, since, if the defendant was neither the owner nor entitled to possession, such demand would have been futile.

ID.—BREACH OF COVENANT—NOTICE TO LESSOR—EVICTION BY PARAMOUNT TITLE.—Suit to quiet title against the lessee by the true owner is the equivalent of an eviction; and in such case notice by the lessee to the lessor is unnecessary, and it is immaterial that the paramount title has not been established by judgment.

LEASE—QUIET ENJOYMENT—BREACH OF COVENANT—EVICTION BY PARAMOUNT TITLE—BURDEN OF PROOF.—In an action by lessee against lessor for breach of covenant for quiet enjoyment, where plaintiff relies on a suit to quiet title by the alleged true owner as the equivalent of eviction by paramount title, but fails to allege either notice by the lessee to the lessor or that the paramount title was established by judgment, the burden of proof is on the lessee to prove that the paramount title is in the one who brought the suit to quiet title and not in the lessor.

ID.—LEASE OF OIL LANDS—QUIET ENJOYMENT—COVENANT, WHAT CONSTITUTES.—No particular words need be used in a lease to constitute a covenant for quiet enjoyment; an express agreement in a lease of oil lands that the lessor will protect the lessee against any party or parties on any contest ever arising as to the ownership of the land, coupled with an agreement to place the land "at the disposal" of the lessee, clearly intended that the lessee should not be disturbed in his possession and use of the land.

ID.—PLEADING—QUIET ENJOYMENT—COVENANT—SETTING OUT LEASE IN FULL—DEMURRER.—A complaint which incorporates the whole lease, setting out particular covenants which in themselves are sufficient to constitute a covenant for quiet enjoyment, alleges the existence of such a covenant with sufficient clearness, as against a general demurrer, though it might have been subject to special demurrer for uncertainty.

ID.—SUFFICIENCY OF COMPLAINT.—A complaint by a lessee which alleges that the title and right to possession were not in the lessor, but in a third party, who brought suit against the lessor and the lessee to quiet title, sufficiently alleges a breach of a covenant for quiet possession contained in the lease.

ID.—LEASE OF OIL LANDS—BREACH OF COVENANT—ACTION BY LESSEE—AMENDED COMPLAINT—PERFORMANCE BY LESSEE.—Where a lease of oil land requiring the lessee, as one of its provisions, to begin immediately the erection of a derrick upon the premises, was

consolidated with another lease executed a few days later, giving the lessee three months within which to begin the first derrick, and three days later suit was commenced by the lessee against the lessor for breach of a covenant for quiet enjoyment and more than two years after the commencement of the action, the lessee, by amended complaint, set up a cause of action based on the covenant for quiet enjoyment in the second lease, under which the lessee had three months within which to commence work, and the breach alleged consisted of a constructive eviction by the bringing of a suit by the owner of paramount title against both the lessor and lessee. which suit was commenced within seven days after the execution of the consolidated lease, the plaintiff was able to state a cause of action without averring performance on his part.

ID.—STATUTE OF LIMITATIONS.—In such a case the statute of limitations did not run until four years after the execution of the consolidated lease.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Weaver, McCracken & McKee, for Appellant.

Collier & Clark, and Arthur J. Abbott, for Respondent.

LAWLOR, J.—Plaintiff sued to recover certain sums of money alleged to have been paid by him to defendant for the execution of a lease of oil land, on the grounds that the defendant was neither the owner nor entitled to the possession of the land in question, and that it had not delivered possession thereof to plaintiff.   The lower court rendered judgment for the plaintiff for $12,086.50, being ten thousand dollars principal and $2,086.50 interest.   From the judgment and from an order denying defendant's motion for a new trial defendant appeals.

It appears that one McAllister and one Herolz had been in negotiations with the defendant for the right to go upon certain land, which defendant claimed to have at its disposal, in order to search for oil.   Separate contracts were made with each of them, and two thousand five hundred dollars paid by each to the defendant as a bonus for the execution of the contract. The one with McAllister was formally executed, but Herolz's contract was not so executed for the reason that it was in-

tended to consolidate it with a contract between the plaintiff and the defendant. Each of these contracts gave the exclusive right for twenty years to drill for oil on twenty acres of land, upon a royalty basis, with an option of purchase. The contracts reserved certain easements in favor of the defendant. Thereafter a similar contract was made with the plaintiff, representing a syndicate of several persons, including McAllister, Herolz, and one Sunley. This contract consolidated and superseded the two former ones already mentioned, covering the forty acres which made up the two former holdings. It declared that the lessor, Guaranty Oil Company, party of the first part, "agrees to immediately place at the disposal of" Thomas Allan, trustee, the forty-acre tract of land thereby leased to Allan, the party of the second part. It also contained a reservation of easements to defendant, and the following clause: "First party agrees to protect second party against the claims of any party or parties, should any contests ever arise as to the ownership of same." One of the provisions required the plaintiff to begin immediately upon the erection of a derrick upon the premises. This contract was drawn May 29, 1911, by plaintiff's Vancouver solicitors and forwarded to defendant. On May 31, 1911, defendant by telegram accepted all the conditions, but did not formally execute the instrument. On June 2, 1911, another instrument covering the same property and for the same purposes was executed by the defendant and sent to plaintiff's solicitors. The provisions of the second contract are practically like those of the first, except that the plaintiff was given three months within which to begin work on the first derrick. The consideration for this consolidated contract was the payment to defendant by plaintiff of five thousand dollars in addition to the five thousand dollars theretofore paid by McAllister and Herolz. This consolidation was had with the knowledge and consent of the latter persons, who had on May 29, 1911, assigned to plaintiff as trustee all their rights to their contracts, for the purpose of syndicating their interests with the plaintiff and others. On June 9, 1911, the Lucky Boy Oil Company filed in the superior court of Kern County an action to quiet title to the land in question against the defendant herein, joining other persons under fictitious names, among whom plaintiff claims to be included. On March 2, 1912, the plaintiff filed suit against the defendant for a return of the

money paid, attaching as an exhibit the contract drawn May 29, 1911. The complaint was amended December 31, 1912, and an answer filed. On August 6, 1913, by stipulation of counsel, the contract executed June 2, 1911, was substituted for the earlier one, the former having been mislaid by the Vancouver solicitors and not discovered until August 4, 1913.

The court found the making of the McAllister and Herolz contracts and their consolidation with the Allan contract of May 29, 1911, which in turn was superseded by the contract of June 2, 1911. Further it found that defendant had received ten thousand dollars for the making of the contract; that plaintiff had been and was at all times ready, able, and willing to perform the terms of the contract, but that the defendant was not at the time of the execution thereof, and never had been, the owner of the premises described in the contract, and had not and could not deliver possession thereof or any part thereof to the plaintiff; that defendant's only interest in the premises had been under an agreement of purchase with the Lucky Boy Oil Company, but that all rights thereunder had been forfeited by it prior to the making of the contract with the plaintiff; and that the Lucky Boy Oil Company was during all the times mentioned herein the true owner of the premises and entitled to the possession thereof. The court also found "that said defendant at all times mentioned herein knew that it was not the owner of said premises or any part thereof, and was not entitled to the possession of said premises or any part thereof, and that it was unable and would be unable to perform said contract on its part to be performed, according to the terms thereof, or at all."

The first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action against the defendant, because it does not allege that the plaintiff had performed his part of the contract. The contract attached to the complaint shows that plaintiff had three months from June 2, 1911, within which to begin work on the first derrick, and that suit was filed by the Lucky Boy Oil Company on June 9, 1911, seven days after the execution of the contract. The complaint avers that the defendant never delivered, and never was able to deliver, possession of the land to plaintiff, and that plaintiff has never had possession of said land, or any part thereof, and thus shows that plaintiff was prevented, and

therefore excused from performing his part of the contract. A general objection to the sufficiency of the complaint cannot be urged against a defective allegation where the ultimate fact of prevention can be inferred.

Before considering the other questions as to the sufficiency of the complaint it is proper to state that the contracts in suit are leases of the land described therein. This is not seriously disputed by the defendant and was settled as to similar contracts with this defendant in *Kline* v. *Guaranty Oil Co.,* 167 Cal. 476, [140 Pac. 1], and *Commins* v. *Guaranty Oil Co.,* 29 Cal. App. 139, [154 Pac. 882]. (See, also, *Graciosa Oil Co.* v. *Santa Barbara,* 155 Cal. 144, [20 L. R. A. (N. S.) 211, 99 Pac. 483].) Defendant claims that the complaint is framed upon the theory of a breach of the implied covenant of quiet enjoyment, and as such is defective in not showing a demand upon defendant for possession, and an eviction. Granting, for the moment, that defendant's theory of the nature of the action is correct, it cannot be held that under the circumstances of this case a demand upon defendant for possession was necessary, since if the findings are true that defendant was neither the owner nor entitled to possession, demand upon it would have been futile, especially after the assertion of a paramount title by the real owner. Plaintiff by yielding to the paramount title without a prior demand undertook the burden of proving the validity of such title. Having done so, all occasion for a demand was obviated, and since the complaint set up the title of the Lucky Boy Oil Company and lack of title or right of possession on the part of the defendant, an allegation of demand was unnecessary. (Rawle on Covenants for Title, secs. 138, 139; 24 Cyc. 1051.)

Defendant's further contention is that the complaint should have alleged an eviction. It did not set forth an actual eviction, which would have been impossible, since plaintiff had never been in possession. (*Kline* v. *Guaranty Oil Co., supra.*) But it did allege facts showing the equivalent of an eviction by reason of the assertion of a paramount title and right to possession by the Lucky Boy Oil Company in its suit to quiet title against the defendant and the plaintiff. The court found that the plaintiff was a party defendant sued under a fictitious name. Defendant claims there is no evidence to support the finding that plaintiff was sued in that action. It did appear, however, that there were several

defendants joined in the suit to quiet title whose names were
not known to the Lucky Boy Oil Company and who claimed
to have some interest in the property. In view of the fact
that the plaintiff's lease gave him some color of interest in
the property, and that he would have been a proper party
defendant, the finding that the plaintiff was one of the de-
fendants designated under a fictitious name must be accepted.
In order to constitute such suit by the true owner the equiva-
lent of an eviction, no notice by the lessee to the lessor is
necessary, nor need the paramount title have been established
by judgment. But in such case the burden is on the lessee
to prove that the paramount title is in the one who brought
the suit to quiet title and not in the lessor. (Rawle on
Covenants for Title, sec. 124; *McGary* v. *Hastings,* 39 Cal.
360, [2 Am. Rep. 456]; Tiffany on Landlord and Tenant,
p. 535.) It follows that the amended complaint did state a
cause of action for breach of covenant of quiet enjoyment
and that the court properly denied defendant's motion to ex-
clude all evidence that might be offered in support of the
complaint. There is nothing in defendant's contention that
the lease itself is incomplete because not signed by the plain-
tiff as evidence of his assent to the terms imposed upon him.
There is nothing in the record to show that such signing was
contemplated by the parties, and it is not otherwise necessary.
In *Spinney* v. *Downing,* 108 Cal. 666, [41 Pac. 797], cited
by defendant, such an intent did appear. Whether the case
be regarded as an action on the implied covenant of title or
on the express covenant to give possession is not very im-
portant, except, possibly, on the question of the statute of
limitations, concerning which we need express no opinion.
Both covenants were broken, and that fact entitled plaintiff
to recover. (1 Tiffany on Landlord and Tenant, secs. 81,
82.)

Defendant's principal contention is that the court erred
in failing to find upon the issue of the statute of limitations
raised by the defendant in its answer to the amendment of
August 6, 1913. This error is claimed to be prejudicial on
the ground, as alleged, that the lease of June 2, 1911, con-
stituted a new cause of action, and that the suit on the cov-
enant implied therefrom was barred within two years and
could not therefore be relied upon on August 6, 1913. We
agree with defendant that the lease of June 2, 1911, did give

rise to a different cause of action than the one set up under the lease of May 29, 1911. Under the earlier lease which required that plaintiff begin work immediately, he could not state a cause of action without setting forth a compliance or attempted compliance with such requirement. But under the later lease plaintiff had three months within which to commence work, and by alleging that the suit to quiet title was started within seven days after the execution of the lease, the plaintiff was able to state a cause of action without averring performance. The two leases are two distinct transactions; in fact, we do not see why the later one did not entirely supersede the earlier one and render it of no effect whatever. It may be conceded for the sake of argument, therefore, that the filing of the original complaint on March 2, 1911, did not stop the running of the statute on the second lease. However, we are of the opinion that the complaint of August 6, 1913, states a good cause of action for breach of the express covenant in the lease that the defendant will protect the plaintiff against any party or parties on any contest ever arising as to the ownership of the land in question, and the agreement to place the land ''at the disposal of plaintiff,'' upon which the statute of limitations did not run until four years after June 2, 1911. The complaint does not set out these particular covenants, but it does incorporate the whole lease, including these provisions. This is sufficient against general demurrer, even though defendant might have demurred specially for uncertainty. The phraseology may not be such as is usual in a covenant for quiet enjoyment. But no particular words need be used. The intent of the parties controls. In this case, considering the nature of the instrument and the activities to be engaged in thereunder, it is clear that what was intended was that the plaintiff should not be disturbed in his possession and use of the land in question. The complaint sufficiently alleges a breach of the covenant in setting out that the title and right to possession are not in the defendant but in a third party, and that such third party had brought suit against the lessor and the lessee to quiet title to the premises. It was not necessary for plaintiff to allege that defendant had failed to protect him according to the covenant, so long as he took upon himself the burden of proving that the defendant had no rights in the property. In such case, any call upon the defendant for protec-

tion must have been futile. The findings, too, support the action as one on the express covenant, for they show the making of the lease and its breach by reason of the assertion of the ownership and right to possession by the Lucky Boy Oil Company. Whether or not the defendant was aware of this theory of the action, it could not have been misled because, under the facts as found, it was not in a position to interpose a defense to the action. As a result, the institution of a new cause of action on August 6, 1913, was within the four years allowed on an express contract in writing.

The lower court also failed to find upon the issue raised by the answer that the plaintiff is not the real party in interest, and therefore not entitled to bring the action. It appears, however, that the lease was made with Thomas Allan, trustee; that all negotiations were had by defendant with reference to Thomas Allan, trustee; and that the assignments of the rights of McAllister and Herolz were made to Thomas Allan, trustee. Since the plaintiff was clearly the real party in interest for the purposes of this action (Code Civ. Proc., sec. 369), failure to find on this issue was not prejudicial.

Defendant alleges a number of errors committed during the course of the trial. The first was in the introduction of certain depositions taken in Vancouver on the stipulation of counsel. It is urged that the stipulation required that the defendant be represented at the examination. A reading of the stipulation shows, however, that failure of defendant to be represented merely permitted it to object to the form of the questions and not to the validity of the deposition as a whole. For the same reason it was not error for the court to refuse to strike out the statement of plaintiff's counsel that he had an understanding with counsel for defendant that the latter might not be represented at the examination. The second error pointed out by defendant is in the admission of certain evidence by witnesses for the plaintiff to the effect that Sunley was the agent of the defendant in the negotiations with the plaintiff. Whether or not this was error, it could not have been prejudicial because such an agency between Sunley and the defendant was sufficiently established by other evidence.

Other points are made by the defendant, including the sufficiency of the evidence to support the findings, and of the

findings to support the judgment. None of these points is well taken.

Judgment and order affirmed.

Sloss, J., concurred.

SHAW, J., Concurring.—I concur. I think it necessary to add, however, that nothing said in the opinion is to be understood as an intimation that, where a lease is in writing, the obligation of the lessor, under section 1927 of the Civil Code, to secure to the lessee the quiet possession of the property leased, during the term, although not expressed in terms in the lease, is not a contract in writing, within the meaning of section 337 of the Code of Civil Procedure, fixing four years as the limitation for actions upon a liability "founded upon an instrument in writing."

Hearing in Bank denied.