[L. A. No. 15321. In Bank.—October 17, 1935.]

STILLWELL HOTEL COMPANY, Appellant, v. WILLIAM H. ANDERSON, Respondent.

J. E. Stillwell, Robert E. Austin and John N. Helmick for Appellant.

Le Roy M. Edwards and O. C. Sattinger for Respondent.

Frank M. Gunter, as *Amicus Curiae* on Behalf of Respondent.

THOMPSON, J.—The following statement of facts, together with the preliminary observation concerning the effect of a failure to request permission to amend, is adopted from the opinion rendered by the District Court of Appeal:

"This is an appeal from a judgment entered in favor of respondent William H. Anderson, after order sustaining, without leave to amend, his demurrer on both general and special grounds to a second amended complaint against respondent and Business District Development Company, a corporation (hereinafter referred to as 'the company'), wherein appellant sought to recover damages for eviction. The record fails to show that leave to amend was asked and refused between the dates of order and judgment, hence no error may be claimed in that respect; and appellant having declined to amend, must stand upon his pleading as against the demurrer on both its general and special grounds. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550].)

"Confining the statement of facts in the complaint to those pertinent and essential to the questions raised by the demurrer, it appears that the company was owner of certain real property and in 1925 had executed a deed of trust conveying the title thereto as security for an issue of bonds aggregating $600,000, permission to issue and sell said bonds having been granted by the state corporation commissioner. The trust deed provided that upon default in payment of interest or the principal of any bond, and request in writing signed by 25 per cent of the holders of outstanding bonds, the trustee might declare the principal of all bonds due, and sell the property, issue its deed and divest the company, its successors and assigns of title and claim thereto. On January 15, 1926, the company conveyed the property to Citizens Trust and Savings Bank (hereinafter referred to as 'the Bank') subject to said deed of trust, and the Bank made its written agreement declaring that it held the property in trust for the company, and wherein it was provided that the Bank was to lease and sublease the same as directed by the company, the lessees to look only to the company as lessor, the company agreeing to perform in every particular any lease so executed. On October 20, 1926, the Bank, at request of the company, executed a written lease of portions of said real property to plaintiff for a term of thirty years, wherein it was provided (a) that plaintiff should pay as rent 66⅔ of its net earnings from operation of said property and the building thereon as a hotel; (b) that plaintiff, lessee, absolved the Bank, as lessor, from any liability thereunder, and agreed to look to the company only for strict performance thereof; (c) that the company agreed to perform the provisions thereof in the same manner as if it were lessor therein; (d) that said lease was subject to the bond issue and deed of trust securing it, and 'that lessor agreed not to permit any default to occur in the mortgage or trust deed securing said bonded indebtedness'; and (e) that the terms, covenants and conditions of said lease should be binding on the parties, their heirs, successors, assigns and legal representatives. The company approved said lease in writing, wherein it agreed 'to be bound by and carry out and perform and to guarantee the faithful performance of each and all of the terms, covenants and conditions contained in said lease to be kept and performed by the lessor'.

"Under this lease plaintiff went into possession, expended $90,000 in furnishing the hotel and established a successful business therein, with a net average income of $2,000 per month up to December 1, 1932. On January 2, 1931, all the right, title and interest of the company and of the Bank in and to said real property had passed to defendant Anderson, subject to said deed of trust securing the bond issue; and it is then alleged that on that date the Bank, in consideration that Anderson would bind himself to keep and perform all the covenants and agreements of said lease, executed its assignment of all its right, title and interest in and to the lease to Anderson, who executed thereon an acceptance wherein it is provided that he 'does hereby accept the assignment of the lease described in the foregoing, and does hereby agree to be bound as lessor by all the obligations thereof', both the assignment and acceptance being set forth *in haec verba*. It is further alleged that such acceptance agreement was executed for the express benefit of plaintiff as lessee, and that thereafter plaintiff performed the covenants and agreements of the lease for the benefit of defendant Anderson and that the latter claimed all the rights, benefits and privileges of said lease until he permitted default in the terms of said trust deed and plaintiff was evicted by reason thereof.

"On March 1, 1932, certain of the bonds aggregating $20,000 'became due and payable and default was made in the payment thereof', and on September 1, 1932, 'there became due and payable the interest on all of said bonds then outstanding in the sum of $16,250, and default was made in the payment thereof'. On October 10, 1932, the owners of more than 25 per cent of outstanding bonds requested the trustee in writing to declare the principal of all the bonds due and payable and to proceed to sell said property as provided in said deed of trust. On October 11, 1932, the trustee gave notice in writing to the company and to defendant Anderson declaring the principal of all bonds to be immediately due and payable, and advertised a sale and on November 12, 1932, sold the property to Title Insurance and Trust Company as trustee for Mortgage Guaranty Company, the owner of all outstanding bonds. It is then alleged that said proceedings and sale were 'in all respects in full compliance with the terms of the deed of trust and the provisions of law', and divested defendants of all title and interest in said prop-

erty and terminates said lease of plaintiff; that on December 3, 1932, said Mortgage Guaranty Company demanded of plaintiff possession of said property and 'served written notice and demand on plaintiff as provided by section 1161a of the Code of Civil Procedure to quit possession thereof within three days or it would institute proceedings against plaintiff for possession of said property and for recovery of damages'; that by reason of the termination of said lease plaintiff was compelled to and did quit possession of said premises on December 8, 1932, and as a result was forced to make immediate sale of its furniture and furnishings for $16,000, although they were reasonably worth $50,000, to its damage in the sum of $34,000; that by reason of the termination of said lease it lost the use of said premises for 275 months, to its damage in the sum of $200,000, demand for which sums have been made by plaintiff of defendants and defendants have refused to pay the same or any part thereof; and that there is now due and unpaid the sum of $200,000.''

The respondent contends that the complaint is fatally defective because it fails to disclose a privity of contract between him and appellant, or a contract made expressly for appellant's benefit, but in fact discloses no liability on the part of the trustee bank, hence makes it apparent that there was no liability for him to assume. He further asserts that the allegations are insufficient to show an eviction, and that the averments of damage are hopelessly unintelligible.

It is apparent that respondent misconceives the basis of the liability sought to be alleged. No specific words are required to constitute a covenant of quiet enjoyment. If it be manifest that such was the intent and purpose of the language employed, it is sufficient. (*Allan* v. *Guaranty Oil Co.,* 176 Cal. 421, 428 [168 Pac. 884].) In this case it is obvious from the allegations of the appellant that it was the intent of the parties that the lessee should not be disturbed in its possession and use of the premises by the foreclosure of the trust deed or mortgage securing the bond issue. It is perhaps helpful to note in this connection that section 1927 of the Civil Code provides for an implied covenant of quiet enjoyment during the term arising from the fact of the hiring.

By section 1463 of the Civil Code it is provided that the covenant "for quiet enjoyment" runs with the land. In the present instance this code provision is reinforced by the

stipulation of the parties that the covenants and conditions of the lease should inure to the benefit of and bind not only the parties to the lease but "each and every one of the heirs, executors, administrators, successors and assigns and legal representatives of the party to said lease". In discussing another covenant running with the land it was said in *Bonetti* v. *Treat*, 91 Cal. 223, 229 [27 Pac. 612, 14 L. R. A. 151]: "The assignee is answerable for the rent during his ownership of the term under the assignment, and his liability therefor arises out of the privity of estate, and this without reference to any obligation assumed by him in the contract of assignment." This language was quoted with approval in *Baker* v. *Maier & Zobelein Brewery*, 140 Cal. 530, 534 [74 Pac. 22]. In 15 California Jurisprudence, page 632, it is said: "It may be noted here, however, that the following covenants run with the land and bind the successors in interest of the parties by privity of estate: the covenant to pay rent, a covenant to pay taxes, the lessor's covenant of warranty and quiet enjoyment . . . " The rule is well established and its recognition makes it unnecessary for us to discuss the questions raised by respondent concerning whether there was a liability founded upon the existence of privity of contract.

We may turn to the assertion that there are insufficient allegations of an eviction. As we have observed, the complaint alleges that default was made in the payment of certain bonds falling due, and in the payment of interest due on all of the bonds; that thereafter upon demand of a sufficient number of the bondholders the trustee declared the entire principal due; advertised the property for sale; sold it; and that the purchaser demanded possession of appellant and served upon it the written notice provided for by section 1161a of the Code of Civil Procedure to quit possession or it would institute proceedings for possession and damages. In view of the wording of the particular covenant here in question it cannot be doubted that appellant sufficiently alleged its eviction from the premises and a breach of the covenant. It alleged facts sufficient to show the assertion of a paramount title and right to possession. Under the authority of *Allan* v. *Guaranty Oil Co., supra,* the allegations of eviction were sufficient against the demurrer.

With regard to the averments of damage appellant alleged, in effect, the loss of the use of the premises to the

end of the term, and alleged the loss incurred by reason of its forced removal. The general rule of damages is that the lessee may recover the value of his unexpired term and any other damage which is the natural and proximate result of the eviction. (*Klein* v. *Lewis*, 41 Cal. App. 463, 467 [182 Pac. 789].)

It follows that the demurrer should have been overruled and the defendant required to answer.

The judgment is reversed.

Langdon, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.