[Civ. No. 29922.   Second Dist., Div. Two.   Oct. 20, 1966.]

PROPERTY CONTROLLERS, INC., Plaintiff and Appellant, v. LEONARD R. SHEWFELT et al., Defendants and Respondents.

---

Thatcher & Rouse and Jerome Zamos for Plaintiff and Appellant.

Guy T. Graves for Defendants and Respondents.

ROTH, P. J.—This is an appeal from a summary judgment.

Appellant, Property Controllers, Inc., initiated this action for specific performance of a written lease, executed on October 8, 1962, between appellant and American Engineers and Contractors Corporation, its lessor. The lease provided for the construction of the premises demised in a shopping center to be built on land owned by American. The lease was never recorded. The shopping center was not built. Obviously, appellant at no time was in possession of the premises demised.

This action is not against lessor. It is against Leonard R. Shewfelt, Derrell H. Harline, Yolande L. Harline, Patrick R. McAtee and Mary Lou McAtee, successors in interest to lessor, who on August 6, 1963, purchased that part of the land from lessor upon which the proposed building, of which the demised premises were a part, was to be constructed.

The complete basis upon which appellant predicates its action against respondents is set forth in its complaint as follows:

". . . [A]t the time of the execution . . . of the deed . . . to . . . [respondents], . . . each of them had actual knowledge of the lease. . . . . . . [S]aid deed to . . . [respondents] was subject to the . . . lease . . . and subject to . . . rights . . . acquired by [appellant]. . . , pursuant to said lease. . . .

". . .[U]pon ascertaining the fact of the execution . . . , [appellant] . . . promptly made demand upon . . . [respondents], . . . to comply with the terms and conditions of said lease . . . and to commence construction pursuant to said lease . . . ; . . . [respondents] . . . have failed and refused to provide [appellant] with any reasons for the delay in construction . . . or to communicate with [appellant] about the matter at all.''

In support of their motion for summary judgment, respondents filed two declarations. Appellant filed none. Among other things, respondents declare as follows:

". . . [American] . . . by Grant Deed dated August 6, 1963 delivered and recorded on the 6th day of September, 1963 [to respondents the deed to the land purchased by respondents]. The original of said Deed is attached hereto marked Exhibit 'C'. . . ."

The deed referred to contains no suggestions, direct, remote or otherwise, to the lease in question.

The declarations further state:

"4. Prior to August 6, 1963 declarant and his copurchasers of the real property described in Exhibit 'C' were orally advised by . . . seller that seller had tentative unrecorded leases on portions of the proposed structure which were being held in suspension and could be affirmed or rejected by return of the deposits held by seller. Said representation was relied upon by declarant and his co-purchasers. . . .

"Paragraph 2 of the opening escrow instructions dated August 6, 1963 signed by [respondents] and seller is as follows:

" '2. It is understood and agreed that the Buyers reserve the right to reject the existing leases on the subject property within 10 days of the above date, hence: August 16, 1963.'

"In the Escrow instructions signed by Seller and all buyers on August 23, 1963 it was provided:

" '4. That it is hereby . . . agreed that buyers are not accepting the existing leases, and that the Seller will refund all lease deposits.'

"Relying upon said representations and said escrow instructions declarant and his co-purchasers believed that all existing leases had been surrendered and cancelled and the depots [sic] thereon returned by the seller to said prospective lessees.

"The declarant and his co-[respondents] were not aware that said lease of [appellant] had not been cancelled and terminated until on or about the 31st day of March, 1964 when declarant and his co-[respondents] learned of the filing of a Notice of Lis Pendens by [appellant] . . . against the property . . . on or about the 24th day of February, 1964 in an action for specific performance filed on September 27, 1963 in action No. SOC 6469, Superior Court of Los Angeles County, by Property Controllers, Inc., a corporation, as plaintiff vs. American Engineers and Contractors, a corporation,

defendant, in which action neither declarant nor any of his co-owners was named as defendant. None of the [respondents] in this cause was served with process or notified in any way of the pendency of said action SOC 6469 or the recording of any of the notices of Lis Pendens therein, notwithstanding they had been the owners of record of the land described therein since the 6th day of September, 1963.

"At no time prior to March 31, 1964 did [appellant] or anyone on its behalf assert or claim to declarant or any of his co-owners an interest in said property or demand that said lease be performed in any respect.

"5. Declarant and his co-owners or any of them never at any time in writing or otherwise executed said lease . . . and never at any time in writing or otherwise assumed or agreed or undertook to perform said lease. . . .

"6. The lease referred to . . . has never been recorded and declarant and his co-[respondents] in this cause were unaware that [appellant] asserted any claim or right thereunder until on or about March 31, 1964.

"Relying upon the representations of seller and the provisions of the escrow instructions heretofore set out in paragraph 4 hereof, and the failure of [appellant] to assert any claim or right under said lease, [respondents] did on September 6, 1963 acquire said real property described in Exhibit 'C', at a total cost of $192,350 and in addition thereto did pay to Capital Lands Corp., a California Corporation, and Louis Thomas Hiller the sum of $6,000 on or about the 21st day of February, 1964, for the purpose of obtaining the dismissal of that certain action filed June 3, 1963 as action Number 819623, Superior Court of Los Angeles County. . . .

"Had [respondents] known of [appellant's] claims they would not have purchased said property.

"7. For the purpose of showing the date of filing and the contents thereof the complaint on file in action S.O.C. 7817 and Exhibit A attached thereto is by reference made a part hereof. Said complaint was filed April 8, 1964 and is an action to compel specific performance by the defendants of an unrecorded lease in writing executed by American Engineers & Contractors Corporation, a corporation, as lessor and [appellant] herein as lessee. Said lease is dated the 8th day of October, 1962, purports to cover a space 15 feet by 64 feet in a building proposed to be constructed by the lessor, said building to be commenced by lessor immediately upon lessee's approval of preliminary plans and outline of specifications

(Sec. 2.02) which said approval was given by [appellant] on October 15, 1962. (Complaint, Paragraph VII.)

"No notice of the commencement of said action or the filing of said Notice of Lis Pendens has ever been given to [respondents] or any of them.

"No summons or complaint or process of any kind or nature has ever been served on [respondents] or any of them.

". . . . . . . . . . . . .

"By the First Amended Complaint filed and entered September 30, 1964 in said action S.O.C. 6469 [appellant] therein abandoned its cause for specific performance against the lessor of said lease and now asserts a cause of action against said lessor for damages in the amount of $634,570.00 dollars.

"Said action no longer pertains to or involves title or possession to real property.

"Said action S.O.C. 6469 never has named these [respondents] or any of them as party or parties to said cause.

"9. Attached hereto, made a part hereof and marked Exhibit 'H' is a full, true and correct copy except for signatures of the promissory note of these [respondents] payable to Chester M. Miller and Victoria P. Miller in the amount of $90,000 which note is secured by a First Trust Deed recorded September 6, 1963 on the real property described in Exhibit C:

"Said note is past due, the owners thereof have refused to extend or renew the same, have served a notice and declaration of default, and are about to proceed to a foreclosure sale thereof.

"The existence of said action S.O.C. 7817 and the Notice of Lis Pendens Exhibit 'G' creates a cloud on the title of said property which prevents [respondents] from refinancing said loan. Unless this motion is granted and the Notice of Lis Pendens stricken from the record [appellant] will lose said property and will be liable for any deficiency arising from said foreclosure sale."

It is clear from the probative facts quoted, none of which are refuted by anything in the record, even by suggestion, that there was no triable issue of fact before the trial court and there is none before us.

In Volume 2, California Procedure (1954) page 1711, section 75, Witkin states the rule succinctly as follows:

"If the plaintiff or defendant claims that 'there is no defense to the action or that the action has no merit,' on

motion supported by affidavit '*the answer may be stricken out or the complaint may be dismissed and judgment may be entered,* in the discretion of the court.' (C.C.P. 437c.). . . .

"Prompt disposition of a sham case is thus made a normal remedy, invoked pursuant to a statutory procedure, and granted upon a proper showing, rather than a casual and reluctant assertion of inherent power to dismiss. . . ."

Particularly applicable here is the language of this court in *Barry* v. *Rodgers,* 141 Cal.App.2d, commencing at page 342 [396 P.2d 898]:

"The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464]; *Kelly* v. *Liddicoat,* 35 Cal.App.2d 559, 561 [96 P.2d 186].) If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244].) It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed. (*Kimber* v. *Jones,* 122 Cal.App.2d 914, 918 [265 P.2d 922]; *Low* v. *Woodward Oil Co., Ltd.,* 133 Cal.App.2d 116, 121 [283 P.2d 720]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242].) The plaintiff may not rely on the allegations of his complaint as a means of disputing the affidavits filed by the defendants. (*Cone* v. *Union Oil Co., supra; Maltby* v. *Shook,* 131 Cal.App.2d 349, 355 [280 P.2d 541].) Often there is no genuine issue of fact although such an issue is raised by the formal pleadings. Absent a genuine issue of fact, as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render summary judgment. (*Murphy* v. *Kelly,* 137 Cal.App.2d 21, 23, 29 [289 P.2d 565].)"

On the facts outlined in the declarations of respondents, it is clear that respondents assumed no obligation to appellant.

Appellant asserts that its unrecorded lease was a covenant

running with the land. It cites for its position *Stillwell Hotel Co.* v. *Anderson*, 4 Cal.2d 463 [50 P.2d 441], and *Basch* v. *Tidewater Associated Oil Co.*, 49 Cal.App.2d Supp. 743 [117 P.2d 956, 121 P.2d 545].

In *Stillwell Hotel, supra*, the lessee was suing the successor in interest to his lessor for damages for eviction. The court held that the covenant of quiet enjoyment in the lease ran with the land and could be enforced against the purchaser. In *Stillwell* the successor in interest had ". . . approved said lease in writing, wherein it agreed 'to be bound by and carry out and perform and to guarantee the faithful performance of each and all of the terms, covenants and conditions contained in said lease to be kept and performed by the lessor.' " (*Stillwell Hotel Co.* v. *Anderson, supra*, at p. 465.)

The *Basch* case, *supra*, deals with the enforcement of terms of a lease by a successor in interest where the land is occupied by one other than the vendor. The court held that a tenant's possession is notice of not only the rights he may have under the lease, but also of any rights he may have under a subsequent agreement not incorporated in the lease.

In the present case respondents were purchasing unoccupied land. They knew only of the existence of deposits on tentative leases which were not recorded. They did not know of the actual provisions of any of the leases, including appellant's, were told directly the leases could be eliminated, and as a condition precedent to purchase of the property, respondents said in so many words they would not assume them.

Respondents were justified in relying on the representation that the leases were tentative and could be cancelled. As was stated in *Grange Co.* v. *Simmons*, 203 Cal.App.2d 567, at p. 576 [21 Cal.Rptr. 757] : " 'Every contracting party has the right to rely, where his reliance is otherwise justifiable, on the express statement of an existing fact, the truth of which is known to the opposite party and unknown to him, as the basis of a mutual agreement; and he is under no obligation to investigate and verify statements to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith.' (23 Cal.Jur.2d, Fraud and Deceit, § 35, p. 84.) "

It is also clear that the claim of appellant, if any, was barred by laches.

Appellant waited 18 months from the time construction was to begin on the building of which its premises were to be a part, and approximately 8 months after a deed of the

property to respondents before filing this action. Appellant did not enforce its rights against American when according to the terms of its lease such rights had accrued. Appellant did not notify respondents of any suit or any claims it had against American.

The actual time elapsed is important but not as important as affording an opportunity to the party allegedly causing appellant damage to refrain from changing position before the damage is caused. In *Beckett* v. *Kaynar Mfg. Co., Inc.*, 49 Cal.2d 695, 699-700 [321 P.2d 749], relief was denied because of a delay of four months in seeking relief after discovery of fraud. Respondents expended $198,000 in purchasing this property and clearing title. They contend they would not have paid out this money had they known of appellant's claims. The best that can be said for appellant's course of action is that it adopted a ''wait and see'' attitude before determining to sue respondents.

Other points raised by respondents appear to be sound. We do not treat them, since a decision thereon is unnecessary to a disposition of this action.

The order of the trial court dismissing appellant's complaint and granting a motion for summary judgment for respondents is affirmed.

Herndon, J., and Fleming, J., concurred.