[Civ. No. 35010. Second Dist., Div. One. Apr. 10, 1970.]

STATE MEDICAL EDUCATION BOARD, STATE OF MISSISSIPPI, Plaintiff and Respondent, v.
FAYE DILLON ROBERSON, Defendant and Appellant.

494

## Counsel

Hecker, Kenealy & McKee, Hecker & Kenealy and Ronald A. Hecker for Defendant and Appellant.

Young & Smith and Sol P. Ajalat for Plaintiff and Respondent.

## OPINION

**LILLIE, J.**—Plaintiff sued for breach of a written contract under which it loaned to defendant a sum certain in yearly installments for the pursuit and completion of her medical studies; plaintiff was given summary judgment against defendant for the total sum advanced plus interest. Defendant appeals from the judgment.

The contract in suit was executed on June 20, 1957, pursuant to which plaintiff loaned to defendant the sum of $5,000 payable in four equal annual installments commencing on the above date and concluding with an installment due in August of 1960. The instrument further recited that the loan therein granted was subject to the provisions of a designated Mississippi law, reading in pertinent part as follows: "The said loans or scholarships to be granted to each applicant shall be based upon the condition that the full amount thereof shall be repaid to the state of Mississippi in cash in full with 4% interest from the date of each payment by the state on such loan or scholarship, same to be payable annually, the first annual payment to be due on or before one year from the date the applicant completes his internship, or same may be repaid to the state of Mississippi in services to be rendered by the applicant by practicing his profession at some place within the state of Mississippi to be approved by the board." An additional provision declared that defendant "shall have the right to repay the loan in installments of one-fifth thereof, with interest thereon, to be credited to the student for each year [s]he engages in public health work in Mississippi . . . ." Finally, there was an acceleration clause effective upon defendant's noncompliance with the terms of the contract.

The original complaint was filed on February 11, 1966; it alleged defendant's residence in Los Angeles County, the execution of the contract, performance by plaintiff, completion of an internship by defendant in October 1962 at a certain Washington, D.C. hospital, and nonpayment of the monies advanced despite plaintiff's demand therefor. Before a demurrer filed thereto could be heard, plaintiff filed an amended complaint containing the further allegation that defendant, after completion of her internship at a named Washington hospital on October 29, 1962, "has at no time since that date engaged in public health work in the State of Mississippi." Defendant's answer admitted the execution of the agreement and further admitted, by failure to deny, the allegation in the amended pleading with regard to the making of the loan. All other allegations were denied by the answer which included, as an affirmative defense, the bar of the statute of limitations (Code Civ. Proc., § 337—four years).

Based on her declaration, executed May 3, 1966, that she had not "to

this date" completed her internship due to illness, defendant thereafter moved for summary judgment. Plaintiff filed its opposition to such motion and, in addition, also moved for summary judgment; such opposition and motion were supported by the affidavit of Lucille M. Hardy, plaintiff's executive secretary, enclosing copies of all correspondence, certified to be true, correct, and complete, between plaintiff and defendant, and a supplemental affidavit, executed the same day by the same affiant, that on June 23, 1962, plaintiff received notice from defendant that she would not complete her internship in Washington, D.C., scheduled to occur some 7 days later (June 30, 1962). On June 16, 1966, the court denied defendant's motion; as to plaintiff's motion, defendant was given 14 days to file additional memoranda, plaintiff being granted 14 days to respond thereto, "at which time the matter will be deemed submitted."

Thereafter plaintiff submitted to the court another supplemental affidavit by Lucille M. Hardy which stated that defendant had not paid any sums due under the contract; no mention was therein made, however, as to whether defendant had completed an internship. On July 22, 1966, the court (Judge Moss) made the following order: "Motion denied. While the First Amended Complaint alleges (in Paragraph VII) that defendant completed her internship, this allegation is refuted by defendant's declaration on file. The contract and law which it incorporates by reference do not specify when internship must be completed (if indeed at all). A triable issue of fact is presented as to whether the right to payment has accrued."

Following the above order, written interrogatories were served upon defendant and answers thereto (dated November 17) were filed. (Code Civ. Proc., § 2030.) Material here are the following questions and answers:

Q. "4. List all of your addresses within the past six (6) years and dates of your residence at each such address."

A. "4. 4122 Don Mariano Drive, Los Angeles, California, from October 1966 to present.

1069 South Gramercy Place, Los Angeles, California, from July, 1965 to October, 1966.

St. Elizabeth's Hospital, Washington, D.C., August, 1964 to July, 1965. 1912 Shipley Terrace, SE, Washington, D.C., from June, 1961 to August, 1964.

1710 Jefferson Street, Nashville, Tennessee, from September, 1960 to June, 1961."

Q. "6. Give the date of commencement and of termination of each

uninterrupted period of time that you have been present within the State of California over the past seven (7) years."

A. "6. From July 1965 to present."

Q. "11. List all medical internships (if any) undertaken by you, the date of commencement and of termination of each medical internship, and the location thereof."

A. "11. Freedmen's Hospital, Washington, D.C. from July 1, 1961 to September 30, 1961; White Memorial Hospital, 1720 Brooklyn Avenue, Los Angeles, California, from October 1, 1965 to June 30, 1966."

Q. "14. State what licenses to practice medicine (if any) you now hold or have held in the past, the date on which each medical license was issued, and the name of each issuing State."

A. "14. State of Georgia—July 26, 1961; State of California—August 1966."

Q. "15. State the dates (if any) you have engaged in the practice of medicine, and the location thereof."

A. "15. October, 1966 to present, Southern California Permanente Medical Group, 1505 North Edgemont Street, Los Angeles, California."

Thereafter, on November 19, 1968, plaintiff made a second motion for summary judgment, based upon all documents theretofor filed, including all the interrogatories propounded to defendant and her answers thereto, and further including the declaration of plaintiff's attorney, Sol P. Ajalat, that no part of the balance owing by defendant had been paid. The motion was opposed, defendant's attorney stating in his declaration in opposition that "This motion is no more than a rehash of the prior motion," that nothing new was presented and that an issuable fact was raised by defendant's plea of the bar of the statute of limitations. To this declaration, plaintiff's attorney then filed still another supplemental declaration, stating that since the hearing on the prior motion for summary judgment, defendant had completed an internship.

On January 22, 1969, after assignment to another department, the motion came on for hearing; following argument by plaintiff's counsel, the motion was granted. Prior to entry of judgment, on February 4, 1969, defendant moved for reconsideration; in a supporting declaration she pointed out that she never completed the internship in Washington, D.C., as alleged, being compelled to withdraw because of illness, although admitting that she did complete an internship in Los Angeles in June of 1966 and was admitted to practice in California in August of 1966, thus con-

firming her answers to the interrogatories in that regard. In a supplemental declaration in support of the motion for summary judgment, plaintiff's attorney set out defendant's statement (by way of answer to interrogatory) that she "did complete an internship in Los Angeles, California . . . on June 30, 1966."

The motion for reconsideration came on for hearing on February 19, 1969, at which time the following order was made: "Plaintiff's motion to amend the complaint to conform to proof is granted. The Court stirkes [*sic*] the following language from paragraph VI, lines 27 and 28: 'at Freedman's Hospital, Washington, D.C., on October 29, 1962'; and from paragraph VI, line 29, 'that date'. Motion of the defendant to reconsider is denied." Judgment was entered that same day. It is this judgment from which defendant appeals.

It is contended that summary judgment should not have been granted for the following reasons: (1) affidavits of plaintiff as the moving party were insufficient; (2) the meaning of language used in the contract being uncertain or doubtful, an issuable fact was thus raised as to the meaning of such language; (3) the complaint alleged facts different from those set forth in the affidavits; and finally, (4) under all the circumstances here present the granting of the judgment challenged constituted an abuse of discretion. We conclude that none of these contentions is sustainable.

■ Particularly applicable here are the following statements in *Property Controllers, Inc.* v. *Shewfelt*, 245 Cal.App.2d 755, 761 [54 Cal.Rptr. 218], quoting from an earlier case: " 'The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. ■ While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned. [Citations.] ■ If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. [Citation.] It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed. [Citations.] ■ The plaintiff may not rely on the allegations of his complaint as a means of disputing the affidavits filed by the defendants. [Citations.] Often there is no genuine issue of fact although such an issue is raised by the formal pleadings. ■ Absent a genuine issue of fact, as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted

material facts, may render summary judgment. [Citation.]' " When consideration is given to the interrogatories and answers thereto,[1] and it is settled that the use of depositions in support of a motion for summary judgment is proper (*Saporta* v. *Barbagelata,* 220 Cal.App.2d 463, 469 [33 Cal.Rptr. 661]), no genuine issue of fact remained for resolution even when (as they must be) the papers supporting the motion are strictly construed.

Appellant argues that plaintiff's affidavits are insufficient in that no showing was therein made that defendant had completed an internship, such completion being a necessary part of plaintiff's case; and the affidavits did not constitute competent evidence that the loans had not been repaid or that defendant was given an opportunity to, or did not in fact, repay the loan by engaging in public health work in Mississippi. While it is true that as of May 3, 1966,[2] three months after the action was filed, there was no showing of the completion of an internship, defendant admitted in a subsequent document supporting her petition for reconsideration that she "completed an internship in Los Angeles, California . . . on June 30, 1966." As will be pointed out later, the then variance between pleading and proof did not warrant a denial of summary judgment. ■ Too, when judgment was finally granted it is undisputed, as disclosed by her answer to an appropriate interrogatory, that defendant had been practicing medicine in California since June of 1966, and the court would have been justified in taking judicial notice (Evid. Code, § 451, subd. (b)) that before a license to practice may be issued in this state, an applicant must have completed a one-year internship (Bus. & Prof. Code, § 2192). ■ As for lack of any competent evidence that the loan had not been repaid, prior to rendition of judgment the several Hardy affidavits competently spanned all material dates; they were supplemented by the declaration of plaintiff's attorney who, as counsel in charge of claims prosecution and to whom payment should have been made, was competent to establish proof of nonpayment on the dates in question. ■ Finally, while defendant had the right to repay part of the loan by engaging in public health work in Mississippi, the contract clearly contemplated that the student could do so after his medical education had been completed and a license to practice medicine had been obtained; but, according to her answers to interrogatories, defendant was first licensed to practice in Georgia in 1961, and thereafter never once resided in Mississippi. Too, if she had been

---

[1] "The use of such interrogatories is in addition to and exclusive of the right to take the deposition of the same party, and either procedure may be resorted to before or after the other." (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 373 [15 Cal.Rptr. 90, 364 P.2d 266].)

[2] Such was the date of defendant's declaration supporting *her* motion for summary judgment it being therein stated that she had "not completed my internship to this date."

frustrated in her efforts to thus comply with her end of the bargain, such defense (excuse for nonperformance) should have been pleaded in her answer (*Guerrieri* v. *Severini,* 132 Cal.App.2d 269, 273-274 [281 P.2d 879]); apparently she could not properly do so because additional letters to her from plaintiff, referred to in the Hardy affidavits, concerning her future plans were never answered.

In support of her next point, the meaning of ambiguous language in the contract could only be resolved by extrinsic evidence received upon a trial, defendant stresses the comments of Judge Moss upon the denial of plaintiff's first motion for summary judgment, particularly the statement that "A triable issue of fact is presented as to whether the right to repayment has accrued." Defendant is confused concerning the comments of Judge Moss. The judge's determination was that by reason of defendant's *then* noncompletion of her internship, a triable issue existed as to whether the right to payment has accrued. If there was any uncertainty as to when defendant's internship must be completed, it was dissolved by defendant's action in admittedly completing her internship in June of 1966, and, according to the contract, "the first annual payment [became] due on or before one year from [that] date . . . ." ▇ While the complaint was filed in February of 1966, four months before the above completion, and perhaps prematurely,[3] "it is established in California that the defense of prematurity of action must be timely raised by the defendant and that if it is not so raised it is waived. [Citations.]" (*Walter J. Warren Ins. Agency* v. *Surpur Timber Co.,* 250 Cal.App.2d 99, 105 [58 Cal.Rptr. 143].) Had it been raised, as was not the case at bar, plaintiff could have refiled without being subject to the bar of the statute of limitations (*supra,* 250 Cal.App.2d at pp. 105-106). ▇ As for the only affirmative defense here pleaded, the statute of limitations, the action clearly was not barred in view of defendant's admitted residence outside of this state until July of 1965, when she first arrived in California and at which time the statutory period (four years) began to run. (See § 351, Code Civ. Proc.)

We consider appellant's remaining points together. Under point (3) it is contended that a summary judgment may not be granted where the declarations and affidavits do not conform with the facts pleaded in the complaint; and under point (4) it is argued that it was an abuse of discretion for the court to grant summary judgment, particularly since the court disregarded a ruling of another department of the same court. Appellant admits that the summary judgment procedure permits the amendment of pleadings (*Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745,

---

[3]The complaint alleged (as earlier noted) the completion of defendant's internship in 1962.

752 [68 P.2d 322]), but argues that the allowance of such amendments should not be extended to permit "updating the pleadings" without formal notice under section 1010, Code of Civil Procedure. To this contention plaintiff replies that such formal notice is not required where the variance in proof is not material and where the adverse party has not been misled. Section 469, Code of Civil Procedure, provides that "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been so misled, the Court may order the pleading to be amended, upon such terms as may be just." Section 470 states that "Where the variance is not material . . . the Court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." Section 471 declares: "Where, however, the allegation of the claim or defense to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance, within the last two sections, but a failure of proof."

The variance between plaintiff's pleading and proof did not mislead defendant in light of the admissions in her answers to pertinent interrogatories. Furthermore, such a variance did not constitute a complete failure of proof of the general scope and meaning of plaintiff's claim; if, as was the case, defendant did in fact complete her internship, it became immaterial (for reasons already stated) whether that event took place in 1962 or 1966. Additionally, appellant apparently overlooks the fact that the amendment here was one to conform to proof, and notice of application to so amend need not be given (*Gaddis* v. *Grant,* 39 Cal.App. 437, 440 [179 P. 410]; *Ramboz* v. *Stansbury,* 13 Cal.App. 649 [110 P. 472]), the reason being (as stated in *Ramboz*) that evidence having been offered as to the subject matter of the amendment, "it would have been idle to have required notice thereof to defendants." (P. 654.) ▇ "Where the variance is not misleading, the court may find the facts according to the evidence or may order an immediate amendment. [Citations.]" (*Genger* v. *Albers,* 90 Cal.App.2d 52, 55 [202 P.2d 569].) In the instant case, the trial court properly adopted the latter course. ▇ As further stated in *Genger,* "Great liberality is allowed with respect to amendments at the trial if the defendant is not prejudiced thereby and the ends of justice will be subserved provided the issues to be decided are not wholly changed. [Citation.]" (P. 55.)

Finally, the trial court did not (as claimed by appellant under point (3)) disregard the prior decision of Judge Moss; in this connection, according to appellant, no new facts were brought to the court's attention which would justify overriding the original ruling. While it is sheer repetition,

we again direct attention to defendant's admission that she had "completed" or "terminated"[4] an internship and was thereafter licensed to practice medicine in this state.

The judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.

---

[4]Contrary to defendant's claim, there is here no arguable difference in meaning between the words "complete" and "terminate." See 41 Words and Phrases (Perm. Ed.) p. 597.